John E. Pollino, OSB No. 925202
jpollino@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
1011 Commercial Street N.E.
Salem, Oregon 97301-1049
Tel: (503) 581-1501
Fax: (503) 581-5891
      Of Attorneys for Defendants Lively,
      Symes, Mixon, Ogletree Deakins,
      and Seymour

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

|  |  |
|---|---|
| ANDREW CLARK | No.     6:20-cv-00253-AA |
| Plaintiff, | |
| vs. | **DEFENDANTS' OGLETREE, DEAKINS, NASH, SMOAK, STEWART, P.C., LEAH LIVELY, DAVID P.R. SYMES, CHRISTOPHER MIXON, AND STEVEN SEYMOUR'S MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER, AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT** |
| WELLS FARGO BANK, OGLETREE DEAKINS NASH SMOAK STEWART, P.C., OREGON BAR ASSOCIATION, LEAH C LIVELY, DAVID P.R. SYMES, CHRISTOPHER MIXON, MICHAEL HOGAN, ALEX GARDNER, ERIK HASSELMAN, STEVEN SEYMOUR, CHRISTIAN ROWLEY, BENJAMIN GUTMAN, BARRY DAVIS, DAVID CAMPBELL, BRUCE NEWTON, PETER URIAS, ELLEN ROSEBLUM, SABASTIAN NEWTON TAPIA, BEN MILLER, and VANESSA NORDYKE | Pursuant to Fed. R. Civ. P. 26(c)

Request for Oral Argument |
| Defendants. | |

## I.  INTRODUCTION

Defendants Ogletree, Deakins, Nash, Smoak, & Stewart, P.C. ("Ogletree"); Leah Lively;

David Symes; Christopher Mixon (collectively "Ogletree Defendants"); and Steven Seymour

DEFENDANT'S OGLETREE, DEAKINS, NASH, SMOAK, STEWART, P.C., LEAH       Page - 1
LIVELY, DAVID P.R. SYMES, CHRISTOPHER MIXON, AND STEVEN SEYMOUR'S
MOTION FOR PROTECTIVE ORDER AND MOTION TO DECLARE PLAINTIFF A
VEXATIOUS LITIGANT: Clark v. Wells Fargo, et al.

respectfully move this Court for a Protective Order pursuant to Fed. R. Civ. P. 26(c). Plaintiff has a history of employing "abusive and vexatious" tactics, including sending offensive and/or threatening communications to the Ogletree Defendants and Mr. Seymour. Plaintiff has resumed his harassing behavior since the commencement of this lawsuit, and thus, the Ogletree Defendants and Mr. Seymour request this Court prohibit Plaintiff from communicating with them and direct all communications through represented counsel.

In addition, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), the Ogletree Defendants and Mr. Seymour respectfully move this Court for an order declaring Plaintiff a vexatious litigant and entering a pre-filing order limiting Plaintiff's ability to file future complaints or have further contact with the Ogletree Defendants or Mr. Seymour. Because Plaintiff has a long and abusive history of filing frivolous complaints against the Ogletree Defendants and Mr. Seymour, as well as engaging in harassing behavior as part of and outside of that litigation, Plaintiff should be enjoined with restrictions against future actions.

## II. DISCUSSION

Plaintiff has a long and complicated history with the Ogletree Defendants and Mr. Seymour. This history involves both criminal and civil proceedings with defendants in this matter. Plaintiff has been specifically ordered, in both criminal and civil proceedings, to cease from all contact of any kind with the Ogletree Defendants and Mr. Seymour without representation. **ECF No. 1-1, p. 49**; **Declaration of John Pollino in Support of Motion to Dismiss, Motion for Protective Order, and Motion Declaring Plaintiff a Vexatious Litigant ("Pollino Decl."), ¶ 19, Ex. 16 (Order, ECF No. 43).** This Court has held Plaintiff in contempt for "repeatedly, willfully" violating previous orders issued regarding Plaintiff's "harassing, vulgar and threatening" communications with the defendants in this matter. **Pollino Decl., ¶ 6, Ex. 3, pp. 12-18.** Plaintiff has been warned by this Court that his "vexatious and abusive tactics will not be tolerated." **Pollino Decl. ¶ 12, Ex. 9, p. 1, 3 (Order, ECF No. 70).**

Because of Plaintiff's history of abusive communications and abuse of the judicial system, and given his current barrage of abusive communications, the Ogletree Defendants and Mr. Seymour respectfully request a protective order requiring all communication be accomplished through the defendants' legal representatives. In addition, this Court should enjoin Plaintiff from causing further harm to the Ogletree Defendants and Mr. Seymour through additional abuse of the legal system.

### a. Background

Plaintiff is a former Wells Fargo employee. **Compl., p. 5.** While still employed by Wells Fargo as a mortgage originator, Plaintiff compiled reports regarding the bank's alleged violations of the Sarbanes-Oxley and Dodd-Frank Acts, which he sent both internally and to various government agencies, including the Federal Bureau of Investigation and Central Intelligence Agency. **Pollino Decl., ¶ 13, Ex. 11, p. 2.** Plaintiff was employed from September 1, 2009, until he was terminated for "repeated unprofessional conduct" on June 28, 2011, including telling a supervisor to "go [f***] herself and I [sic] that I will deal with it in court." **Pollino Decl., ¶ 6, Ex. 3, p. 1-2; Compl. ¶ 20.** Subsequently, Plaintiff launched a website that publicly disclosed some of Wells Fargo's trade secrets and confidential information. **Pollino Decl., ¶ 6, Ex. 3, p. 2.**

On July 18, 2011, the Eugene Police Department contacted Plaintiff at his home because of a report from Wells Fargo that Plaintiff was trespassing and had sent an email referencing genocide. **Pollino Decl., ¶ 13, Ex. 10, p. 2.** Police officers warned Plaintiff to avoid Wells Fargo property in the future. **Pollino Decl., ¶ 13, Ex. 10, p. 2.** On July 29, 2011, despite the previous warning, police arrested Plaintiff for second degree municipal trespass after violating a trespass letter and entering Wells Fargo property twice in one day. **ECF No. 1-1, pp. 15-17; Pollino Decl., ¶ 13, Ex. 10, p. 2.** Plaintiff was held in the Lane County jail for 18

/ / / /

hours before being released and the trespass charge was later dismissed. **Pollino Decl., ¶ 13, Ex. 10, p. 2.**

Wells Fargo, by and through its counsel Leah C. Lively with Ogletree, Deakins, Nash, Smoak & Stewart, P.C.,[1] ("Ogletree Deakins") filed a complaint against Plaintiff on August 5, 2011, requesting injunctive relief in this Court, Case No. 6:11-cv-06248-AA. **Pollino Decl., ¶ 4, Ex. 1.** In that lawsuit, Wells Fargo sought to enjoin Plaintiff from publishing, controlling, disclosing, or retaining any of its equipment, confidential customer information, or trade secrets. **Pollino Decl., ¶ 13, Ex. 10, p. 2.** The Court warned Plaintiff that he was prohibited from re-posting confidential material and that he must limit his communications to the Ogletree Defendants' law firm in Portland, keeping those communications to a strictly professional tone. **Pollino Decl., ¶ 6, Ex. 3, p. 2.**

In the Court's Order in Case No. 6:11-cv-06248-AA, the Court granted summary judgment in favor of Wells Fargo and issued a permanent injunction prohibiting Plaintiff from posting confidential client material on his public website. *See generally Wells Fargo Bank, N.A. v. Clark ("Clark I")*, 2012 U.S. Dist. LEXIS 145145 (D. Or. Oct. 5, 2012); **Pollino Decl., ¶ 6, Ex. 3.** The Court also held Plaintiff in contempt, stating the following:

> "Defendant has repeatedly, willfully ignored the court's admonishments regarding professional communications as well as the court's orders prohibiting his publication of plaintiff's trade secrets. Similarly, defendant has continued to communicate with plaintiff's counsel in a harassing, vulgar and threatening manner, willfully ignoring reasonable requests to conform his communications to a professional standard. Plaintiff's Motion for order [sic] of Contempt is therefore granted."

**Pollino Decl., ¶ 6, Ex. 3, pp. 10-11, 17-18.** Plaintiff had sent hundreds of emails and faxes to the Ogletree Defendants, some of which were threatening and/or obscene, and all of which "had

---

[1] Ms. Lively has since changed law firms, but during the relevant time period, she was an attorney with Ogletree, Deakins, Nash, Smoak & Stewart, P.C. **Pollino Decl. ¶ 4, Ex. 1, p. 1.**

little to no bearing upon [any] legal issue between plaintiff and defendant," despite being repeatedly instructed by the court to "limit his communications to plaintiff's counsel's firm in Portland and to keep those to a strictly professional tone." **Pollino Decl., ¶ 13, Ex. 10, p. 3.** After the court granted summary judgment in favor of Wells Fargo, Plaintiff filed several motions for reconsideration, all of which were denied. *See generally Wells Fargo Bank, N.A. v. Clark ("Clark II")*, No. 6:11-cv-06248-AA, 2013 U.S. Dist. LEXIS 68153 (D. Or. May 14, 2013).

After resolution of the federal case, Plaintiff continued to communicate in a harassing and threatening manner with the Ogletree Defendants. On July 18, 2013, police officers visited Plaintiff at his home and interviewed him about certain faxes and emails he had sent Ogletree Deakins and one of its attorneys, Leah Lively. **Pollino Decl., ¶ 13, Ex. 10, p. 3.** Plaintiff denied any communications were threatening, but officers warned him if he continued to communicate inappropriately with Ogletree Deakins and Lively, he may be criminally charged with stalking. **Pollino Decl., ¶ 13, Ex. 10, p. 3.**

On July 23, 2013, Plaintiff sent yet another fax to Ogletree Deakins and Lively, despite warnings from police. **Pollino Decl., ¶ 13, Ex. 10, p. 3.** On July 25, 2013, Plaintiff was arrested and jailed for six days and only released with an electronic ankle bracelet after posting bail. **Pollino Decl., ¶ 13, Ex. 10, p. 3.** The Lane County Prosecutor began criminal proceedings against Plaintiff for 10 counts of criminal stalking of Ogletree Deakins and Leah Lively. **Pollino Decl. ¶ 18, Ex. 15.**

While Plaintiff's criminal case was pending, Plaintiff filed a complaint in this Court against Wells Fargo, the Ogletree Defendants, and Securitas Corp. on September 3, 2013, claiming violations of RICO, 42 U.S.C. § 1983, defamation, libel, gross negligence, conspiracy, and violations of workplace protection laws, among other things. **Pollino Decl., ¶ 8, Ex. 5, p. 1;** *see Clark v. Wells Fargo Bank, N.A. ("Clark III")*, No. 6:13-cv-01546-AA, 2014 U.S. Dist.

DEFENDANT'S OGLETREE, DEAKINS, NASH, SMOAK, STEWART, P.C., LEAH LIVELY, DAVID P.R. SYMES, CHRISTOPHER MIXON, AND STEVEN SEYMOUR'S MOTION FOR PROTECTIVE ORDER AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT: Clark v. Wells Fargo, et al.

Page - 5

LEXIS 90114 (D. Or. July 1, 2014). The *Clark III* lawsuit involved the following claims against Wells Fargo, Ogletree, Securitas Corporation ("Securitas"), as well as certain individually named employees: (1) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) deprivation of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983; (3) defamation; (4) violations of the Occupational Safety and Health Act ("OSHA"); (5) gross negligence; and (6) a conspiracy against his constitutional rights in violation of 18 U.S.C. §§ 241, 242. **Pollino Decl., ¶ 13, Ex. 10, p. 3-4.** This Court stayed those proceedings while the criminal case was still pending. **Pollino Decl. ¶ 19, Ex. 16 (Order, ECF No. 24).**

The criminal case resolved in January 2014, by way of Plaintiff pleading guilty to one count of criminal stalking. **ECF No. 1-1, p. 48-49.** The Judgment of the Lane County Circuit Court stated, "Defendant shall have ***no contact of any kind*** with Leah C. Lively, with any employee or staff member of the law firms of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., or Samuels Yoelin Kantor, LLP, ***except by or with represented counsel***." **ECF No. 1-1, p. 49 (emphasis added)**. Based on the terms of Plaintiff's plea agreement, this Court dismissed Ogletree. **Pollino Decl. ¶ 19, Ex. 16 (Order, ECF No. 43).** After dismissing various defendants from *Clark III*, the only defendant remaining was Wells Fargo, for which the Court granted a Motion to Dismiss on July 1, 2014. **Pollino Decl. ¶ 19, Ex. 16 (ECF Nos. 61-62).**

On July 16, 2014, Plaintiff filed a motion to set aside the *Clark III* judgment alleging fraud upon the court. **Pollino Decl., ¶ 13, Ex. 10, p. 4.** The court denied Plaintiff's motion on July 22, 2014, and Plaintiff appealed the dismissal. **Pollino Decl., ¶ 13, Ex. 10, p. 4.** However, Plaintiff filed yet another complaint in this Court against Wells Fargo and others on July 11, 2014, in Case No. 6:14-cv-01103-JR, eleven days prior to filing the motion and appeal of the *Clark III* judgment. *See Clark v. Hasselman ("Clark IV")*, 2016 U.S. Dist. LEXIS 83076 (D. Or. Apr. 4, 2016). **Pollino Decl. ¶ 13, Ex. 10, p. 4; Pollino Decl. ¶ 20, Ex. 17.**

In *Clark IV*, Magistrate Judge Thomas M. Coffin ordered that:

> "[P]laintiff shall not contact or communicate with any officer, director, employee or other person associated with defendant Wells Fargo concerning this litigation or any other matter, without authorization by specific order of this court. All such communication shall be directed only to counsel of record. Any suggestion that plaintiff has failed to comply with the requirements of this order will result in sanctions for contempt of court, which may include dismissal of this proceeding."

**Pollino Decl. ¶ 20, Ex. 17 (Order, ECF No. 68).** Further, Magistrate Judge Coffin issued a later Order in *Clark IV*, stating:

> "Plaintiff *pro se* has filed what can only be characterized as a nuisance lawsuit against various defendants … Moreover, the record before the court indicates that most if not all of plaintiff's claims are barred by *res judicata* or the doctrine of issue preclusion.
>
>    *  *  *
>
> Plaintiff is further advised that vexatious and abusive tactics will not be tolerated and may subject him to penalties for contempt of court."

**Pollino Decl. ¶ 12, Ex. 9, p. 1, 3 (Order, ECF No. 70).**

On August 4, 2014, Wells Fargo filed a motion to dismiss Plaintiff's claims against it, and on November 24, 2014, this Court ordered Plaintiff to show cause why Wells Fargo's motion to dismiss should not be granted. **Pollino Decl., ¶ 13, Ex. 10, p. 4.** On December 9, 2014, Plaintiff filed a motion objecting to the court's order to show cause. **Pollino Decl. ¶ 13, Ex. 10, p. 4.** On April 9, 2015, this Court adopted the order to show cause "in full" and agreed with the view that "plaintiff's action can only be characterized as a nuisance lawsuit." **Pollino Decl., ¶ 13, Ex. 10, p. 4.** The Court further agreed that Plaintiff's actions could subject him to contempt of court. **Pollino Decl., ¶ 13, Ex. 10, p. 4.** *Clark IV* was also eventually dismissed against Wells Fargo on *res judicata* grounds. ***See* Pollino Decl. ¶ 13, 20; Ex. 10, 17.** On February 24, 2017, this Court also dismissed the claims against Ogletree with

/ / / /

DEFENDANT'S OGLETREE, DEAKINS, NASH, SMOAK, STEWART, P.C., LEAH LIVELY, DAVID P.R. SYMES, CHRISTOPHER MIXON, AND STEVEN SEYMOUR'S MOTION FOR PROTECTIVE ORDER AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT: Clark v. Wells Fargo, et al.

Page - 7

prejudice because the statute of limitations had run for all claims asserted. **Pollino Decl., ¶¶ 14, 15; Ex. 11, 12.**

Since filing the Complaint in this matter on February 14, 2020, Plaintiff has resumed his previous methods of sending harassing and abusive communications to the defendants in this matter. *See* **Pollino Decl. ¶ 21, Ex. 18**; **Pollino Decl. ¶ 22, Ex. 19.** He has already sent dozens of faxes, emails, and voicemails of a similar nature to communications sent related to, and outside of, litigation matters with the defendants in this case. *See* **Pollino Decl. ¶ 22, Ex. 19.**

### b. Request for Protective Order

Pursuant to Fed. R. Civ. P. 26(c)(1), the Ogletree Defendants and Mr. Seymour respectfully request this Court issue a protective order limiting Plaintiff's communications regarding this or any other matter to represented counsel, because Plaintiff has demonstrated an intention to resume, and has begun, the same pattern of abusive and harassing communication he employed in previous litigation.

A district court may, for good cause, issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Ninth Circuit recognizes "the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). District courts are "given broad discretion in supervising the pretrial phase of litigation, and [their] decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)).

Plaintiff has been warned in previous matters that "vexatious and abusive tactics will not be tolerated and may subject him to penalties for contempt of court." **Pollino Decl. ¶ 12, Ex. 9, p. 3 (Order, ECF No. 70).** During previous litigation, Plaintiff sent hundreds of emails and

DEFENDANT'S OGLETREE, DEAKINS, NASH, SMOAK, STEWART, P.C., LEAH LIVELY, DAVID P.R. SYMES, CHRISTOPHER MIXON, AND STEVEN SEYMOUR'S MOTION FOR PROTECTIVE ORDER AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT: Clark v. Wells Fargo, et al.

Page - 8

faxes to the Ogletree Defendants, some of which were threatening and/or obscene, and all of which "had little to no bearing upon [any] legal issue between plaintiff and defendant," despite being repeatedly instructed by the court to "limit his communications to plaintiff's counsel's firm in Portland and to keep those to a strictly professional tone." **Pollino Decl., ¶ 13, Ex. 10, p. 3.** Specifically, Plaintiff sent more than 200 combined emails and faxes to Ogletree, mostly of a harassing nature.[2] **Pollino Decl. ¶ 6, Ex. 3, pp. 12-18.**

In this matter, Plaintiff is already beginning to employ harassing tactics used in other litigation.[3] He has sent countless faxes, email, and voicemail to the Ogletree Defendants, Mr. Seymour, and other defendants in this matter. **Pollino Decl. ¶ 21, Ex. 18**; **Pollino Decl. ¶ 22, Ex. 19** (an email demonstrating Plaintiff sent the same April 2, 2020, fax to at least 20 different Ogletree offices). In order to prevent Plaintiff's pattern of abusive and harassing behavior, the Ogletree Defendants and Mr. Seymour respectfully request this Court use the inherent authority of the federal courts and the statutory authority pursuant to Fed. R. Civ. P. 26(c)(1) and the All Writs Act, 28 U.S.C. § 1651(a), to enjoin Plaintiff from making any contact with the Ogletree Defendants or Mr. Seymour except through their undersigned counsel, John Pollino. Contact with counsel should be limited to those communication necessary to this litigation only and Plaintiff should be allowed nothing more.

### c. Motion to Declare Plaintiff a Vexatious Litigant

Pursuant to the All Writs Act, the Ogletree Defendants and Mr. Seymour respectfully move for an order declaring Plaintiff a vexatious litigant and prohibiting Plaintiff from filing *pro*

---

[2] The nature and content of the harassing contact will not be reproduced here. It is sufficient for the Court to review Judge Hogan's summary of the offending content and the supporting pleadings provided in Exhibits 1 and 8.

[3] For a sampling of previous abuses and harassment employed by Plaintiff, please see the Memorandum in Support of Defendants' Motion for Appointment of Guardian Ad Litem for Plaintiff, Or in the Alternative, for Dismissal filed by Mr. Seymour in Case No. 6:13-cv-01546-AA. **Pollino Decl. ¶ 9, Ex. 6.**

*se* any further complaints, pleadings, claims, motions, or other materials in the United States District Court for the District of Oregon against the Ogletree Defendants and Mr. Seymour, or any lawyers retained by or on behalf of them, without first obtaining leave from the presiding Judge of the Court.

As described above, the Ninth Circuit recognizes "the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," including entering pre-filing orders against vexatious litigants. *De Long*, 912 F.2d at 1147; *see also Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). As part of this authority, the Ninth Circuit has emphasized that courts have "an affirmative obligation to ensure that judicial resources are not needlessly squandered on repeated attempts by litigants to misuse the courts." *O'Loughlin v. Doe*, 920 f.2d 614, 618 (9th Cir. 1990). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148-49; *O'Loughlin*, 920 F.2d at 618 ("Frivolous and harassing claims crowd out legitimate ones and need not be tolerated repeatedly by the district courts.").

Prior to declaring a litigant "vexatious," a court must: (1) provide the litigant notice and a chance to be heard; (2) create an adequate record for review; (3) make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) ensure any pre-filing order is "narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1147-48. Such pre-filing orders are an extreme remedy and are rarely used, particularly when the plaintiff is *pro se*. *See Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. ) ("The use of such measures against a pro se plaintiff should be approached with particular caution."), *cert. denied*, 449 U.S. 829 (1980). A court should therefore enter a pre-filing order constraining a litigant's scope of actions in future cases only after cautious review of the pertinent circumstances.

DEFENDANT'S OGLETREE, DEAKINS, NASH, SMOAK, STEWART, P.C., LEAH LIVELY, DAVID P.R. SYMES, CHRISTOPHER MIXON, AND STEVEN SEYMOUR'S MOTION FOR PROTECTIVE ORDER AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT: Clark v. Wells Fargo, et al.

Page - 10

*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Plaintiff's long history of frivolous and harassing litigation against the Ogletree Defendants and Mr. Seymour justifies entry of a pre-filing order.

### i. Notice

"Due process requires notice and an opportunity to be heard." *In re Powell*, 271 U.S. App. D.C. 172, 851 F.2d 427, 431 (D.C. Cir. 1988) (per curiam) (quoting *Pavilonis*, 626 F.2d at 1079). This Court may give proper notice to Plaintiff by allowing Plaintiff an opportunity to respond to this Motion as well as present oral argument.[4] Plaintiff's opportunity to oppose this Motion satisfies his due process rights. *Molski*, 500 F.3d at 1058. ("Molski had fair notice . . . because the district court's order was prompted by a motion filed by the defendants and served on Molski's counsel."); *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (holding that opportunity to brief in writing the entry of sanctions satisfies due process requirements).

### ii. Adequate Record for Review

An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed. *De Long*, 912 F.2d at 1147. At the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive. *Id.* This Motion identifies Plaintiff's series of cases and claims against the Ogletree Defendants and Mr. Seymour. Docket sheets, relevant motions, and rulings from these cases are submitted as exhibits to this Motion.

Although these documents provide more than an adequate record to substantiate Plaintiff's numerous and abusive litigation actions, the Ogletree Defendants and Mr. Seymour

---

[4] In *De Long*, the declaration of a vexatious litigant was overturned partially because the court in that instance issued the order *sua sponte*, failing to give the litigant notice and an opportunity to respond. 912 F.2d at 1145, 1147.

DEFENDANT'S OGLETREE, DEAKINS, NASH, SMOAK, STEWART, P.C., LEAH LIVELY, DAVID P.R. SYMES, CHRISTOPHER MIXON, AND STEVEN SEYMOUR'S MOTION FOR PROTECTIVE ORDER AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT: Clark v. Wells Fargo, et al.

Page - 11

submit the following as specific examples of Plaintiff's frivolous and litigious conduct that support the entry of a pre-filing order:

- In his Order on *Clark I*, District Court Judge Michael Hogan listed numerous baseless motions filed by Plaintiff. **Pollino Decl. ¶ 7, Ex. 4, p. 1.** Ultimately, this Court granted Wells Fargo's Motion for Summary Judgment and for an Entry of Permanent Injunction. **Pollino Decl. ¶ 7, Ex. 4, p. 18.**

- In *Clark I*, this Court also found Plaintiff to be in Contempt and granted Wells Fargo's Second Motion for Contempt. **Pollino Decl. ¶ 7, Ex. 4, p. 18.** That Motion was granted, in part, because of Plaintiff's abusive and harassing behavior. For example, Plaintiff sent more than 200 combined emails and faxes to Ogletree Deakins, mostly of a harassing nature.[5] **Pollino Decl. ¶ 7, Ex. 4, pp. 12-18.** The content of Plaintiff's contact with Ogletree Deakins was at issue in that case, but Judge Hogan found that Plaintiff had:

  > "repeatedly, willfully ignored the court's admonishments regarding professional communications as well as the court's order prohibiting his publication of plaintiff's trade secrets. Similarly, [Plaintiff had] continued to communicate with [Wells Fargo's] counsel in a harassing, vulgar and threatening manner, willfully ignoring reasonable requests to conform his communications to a professional standard." **Pollino Decl. ¶ 7, Ex. 4, pp. 17-18.**[6]

- Because of Plaintiff's conduct in *Clark I*, Wells Fargo was awarded attorney's fees. **Pollino Decl. ¶ 7, Ex. 4.**

---

[5] The nature and content of the harassing contact will not be reproduced here. It is sufficient for the Court to review Judge Hogan's summary of the offending content and the supporting pleadings provided in **Pollino Decl., ¶ 4, Ex. 1.**

[6] Notably, on appeal, the Ninth Circuit held that this Court did not abuse its discretion by denying Plaintiff's motion to vacate judgment in Case No. 6:11-cv-06248-AA, which Plaintiff brought nearly six years after judgment was entered. **Pollino Decl. ¶ 16, Ex. 13, p. 2.**

- Plaintiff resumed his abusive and harassing behaviors when he filed a complaint in *Clark III*. **Pollino Decl. ¶ 19, Ex. 16.** This Court denied several of Plaintiff's motions and dismissed Ogletree Deakins because of the "terms of the plea agreement entered into by plaintiff and the Lane County District Attorney's Office [in the criminal stalking matter], *unless and until plaintiff retains counsel*." **Pollino Decl. ¶ 19, Ex. 16 (Order, ECF No. 43).**

- As Plaintiff explains in his Complaint, he has filed two appeals to the Ninth Circuit related to the issues in *Clark I*, *Clark II*, and *Clark III*. **Compl., p. 17.** Each of Plaintiff's appeals to the Ninth Circuit were affirmed against Plaintiff.

- Plaintiff filed the complaint in *Clark IV*, naming new defendants and different legal theories based on the same nucleus of transactional facts. **Pollino Decl., ¶ 11, Ex. 8.** That suit was similarly dismissed against all defendants for different reasons, including failure to state a claim upon which relief could be granted, state immunity, *res judicata*, and the statutes of limitations had run. **Pollino Decl., ¶¶ 13-15, 20; Ex. 10-12, 17.**

- *Clark IV* was dismissed as to Ogletree Deakins *with prejudice*, but Plaintiff filed this lawsuit despite that order and judgment. **Pollino Decl., ¶ 15, Ex. 12.**

This list is a non-exhaustive recitation establishing an adequate record for review to justify a pre-filing order against Plaintiff.

### iii. *Substantive Findings of Frivolousness*

It is incumbent on the Court to make "substantive findings as to the frivolous or harassing nature of the litigant's actions." *De Long*, 912 F.2d at 1148 (quoting *In re Powell*, 271 U.S. App. D.C. 172, 851 F.2d 427 (D.C. Cir. 1988) (per curiam); *see also Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984) (pre-filing injunction could not stand because magistrate stated that "petitioner has been a constant litigator" but failed to state that petitioner's claims were frivolous or brought

in bad faith.). An alternative to finding of frivolousness is the finding that a litigant's claims show a pattern of harassment. *Id.* (quoting *Powell*, 851 F.2d at 431).

In *Moy v. United States*, for example, the Ninth Circuit entered a pre-filing order against a plaintiff who filed two lawsuits asserting five different claims against a set of defendants arising out of the same operative facts. 906 F.2d 467 (9th Cir. 1990). The Ninth Circuit found that the plaintiff's suits wasted "a great deal of the district court's and defendants' time and money attempting to relitigate claims that the district court has already found cannot be supported by the facts or the law." *Id.* at 470.

The record here shows that Plaintiff continues to litigate and re-litigate disputes with the Ogletree Defendants and Mr. Seymour. Previous judges in this Court have called Plaintiff's previous claims "nuisance" lawsuits and noted that "most if not all of plaintiff's claims are barred by *res judicata*." **Pollino Decl. ¶ 12, Ex. 9, p. 1, 3 (Order, ECF No. 70).** Plaintiff has been "advised that vexatious and abusive tactics will not be tolerated and may subject him to penalties for contempt of court." **Pollino Decl. ¶ 12, Ex. 9, p. 1, 3 (Order, ECF No. 70).** Indeed, Plaintiff has been held in contempt of court in related previous litigation. **Pollino Decl. ¶ 6, Ex. 3, p. 18**. The Court has awarded attorney fees against Plaintiff as a *pro se* litigant because of the frivolous and harassing nature of his claims. **Pollino Decl. ¶ 7, Ex. 4.**

Plaintiff has proceeded in previous cases and this matter in a vexatious and harassing manner. Not only has this Court warned Plaintiff and enjoined his previous conduct, but Plaintiff has been convicted of criminal stalking against the Ogletree Defendants. **ECF No. 1-1, pp. 48-49.** He continues to serially file unsubstantiated and frivolous cases, motions, reconsideration, and appeals. Plaintiff has admitted on more than one occasion that he intends to "start all-out-legal-war" against the defendants in this matter and previous matters. ***See, e.g.,* Pollino Decl., ¶ 9, Ex. 6, p. 6.** Left unchecked, Plaintiff will continue his frivolous and harassing litigation conduct, thus justifying a pre-filing order by this Court.

DEFENDANT'S OGLETREE, DEAKINS, NASH, SMOAK, STEWART, P.C., LEAH LIVELY, DAVID P.R. SYMES, CHRISTOPHER MIXON, AND STEVEN SEYMOUR'S MOTION FOR PROTECTIVE ORDER AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT: Clark v. Wells Fargo, et al.

Page - 14

#### iv. Breadth of the Order

The court must tailor a pre-filing order to avoid unnecessarily restricting a party's access to courts. *Molski*, 500 F.3d at 1061. Pre-filing orders should target the litigant's vexatious conduct. The Ninth Circuit has thus found pre-filing orders appropriate that prevent a party from filing any claims against certain defendants that have been the target of a vexatious litigant. *See Moy*, 906 F.2d at 471 ("[T]his Court shall not accept for filing any further complaints by the [plaintiff] against any of the following defendants until all such complaints have been subjected to pre-filing review. . . .").

Likewise, the Court can and should enter a pre-filing order preventing Plaintiff from filing any pleadings, motions, or other materials against the Ogletree Defendants or Mr. Seymour, or any lawyers retained to represent them, without first obtaining leave from the presiding Judge of this Court.

### III. CONCLUSION

For the above reasons, Defendants Lively, Symes, Mixon, Ogletree Deakins, and Seymour respectfully request this Court enjoin Plaintiff from communicating with the defendants except through represented counsel, and enter an order declaring Plaintiff a vexatious litigant, subjecting further filings by Plaintiff against Defendants Lively, Symes, Mixon, Ogletree Deakins, and Seymour, and their represented counsel, to pre-filing review.

DATED this 9th day of April, 2020.

GARRETT HEMANN ROBERTSON P.C.

*s/ John E Pollino*

John E Pollino
OSB No. 925202
503-581-1501
503-581-5891 (FAX)
jpollino@ghrlawyers.com
Of Attorneys for Defendants Ogletree, Deakins, Nash,
Smoak & Stewart, P.C., Leah Lively, Steven Seymour,
Christopher Mixon, and David Symes

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **Defendant's Ogletree, Deakins, Nash, Smoak, Stewart, P.C., Leah Lively, David P.R. Symes, Christopher Mixon, and Steven Seymour's Motion for Protective Order and Motion to Declare Plaintiff a Vexatious Litigant** on the date indicated below,

[X]    Via First-Class Mail with postage prepaid
[X]    Via Electronic Filing
[  ]    Via Facsimile Transmission
[  ]    Via Hand Delivery
[  ]    Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by electronic filing notice), addressed to said person(s) at their last known addresses indicated below:

Andrew Clark
3270 Stoney Ridge Rd.
Eugene, OR 97405
*Phone:541-510-3915*
*Email:operationsunriselaw@gmail.com*
   Plaintiff *pro se*

Helen M. McFarland (OSB No 013176)
Seyfarth Shaw LLP
800 5th Avenue
Ste 4100
Seattle, WA 98104
*Phone: 206-946-4923*
*Email: hmcfarland@seyfarth.com*
   Of Attorney for Defendant's Wells
Fargo, Christian Rowley, and Peter Urias

Christian Rowley
Seyfarth Shaw LLP
560 Mission Street, Suite 3100
San Francisco, CA 94105
*Phone:(415) 544-1001*
*Fax: (415) 397-8549*
*Email: crowley@seyfarth.com*
   Of Attorney for Defendant's Wells Fargo,
Christian Rowley, and Peter Urias

Nik T. Chourey (*OSB No. 060478*)
Amber A. Hollister (*OSB No. 035458*)
Oregon State Bar
16037 SW Upper Boones Ferry Rd
P.O. Box 231935
Tigard, OR 97281-1935
*Phone:(503) 431-6312*
*Fax: (503) 598-6912*
nchourey@osbar.org
ahollister@osbar.org
   Of Attorneys for Oregon State Bar

Jessica B. Spooner (*OSB No. 105919*)
Department of Justice
1162 Court St. NE
Salem, OR 97301
*Phone: 503-947-4700*
*Fax: 503-947-4791*
Email: Jessica.Spooner@doj.state.or.us
   Of Attorneys for defendant's Alex

Tom C. Spooner (*OSB No. 075310*)
Spooner & Much, P.C.
530 Center Street NE
Ste 712
Salem, OR 97301
503-378-7777
Email: tspooner@smapc.com
   Of Attorney for Barry Davis

CERTIFICATE OF SERVICE: Clark v. Wells Fargo, et al.

Gardner, Erik Hasselman, Ellen Rosenblum,
Benjamin Gutman and Vanessa Nordyke

Billy M. Sime (*OSB 823932*)
Parks Bauer Sime Winkler & Fernety LLP
570 Liberty Street SE
Suite 200
Salem, OR 97301
*(503) 371-3502*
*Fax: (503) 371-0429*
*Email:* *bsime@pbswlaw.com*
   Of Attorney for David Campbell

David A. Jacobs (*OSB No. 942202*)
Luvaas Cobb
777 High Street
Suite 300
Eugene, OR 97401
*Phone: (541)484-9292*
*Fax: (541)343-1206*
*Email:* *djacobs@luvaascobb.com*
   Of Attorney for Bruce Newton

Sebastian Tapia (*OSB No. 043761*)
Lane County Office of Legal Counsel
Lane County Courthouse
125 East 8th Avenue
Eugene, OR 97401
*Phone: 541-682-3728*
*Fax: 541-682-3803*
*Email:* *sebastian.tapia@co.lane.or.us*
   Of Attorney for Sebastian Newton Tapia

Sivhwa Go (*OSB No. 033252*)
Eugene City Attorney's Office
125 E 8th Avenue
Eugene, OR 97401
*Phone: 541-682-8447*
*Fax: 541 682-5414*
*Email:* *hgo@eugene-or.gov*
   Of Attorney for Ben Miller

DATED this 9th day of April, 2020.

GARRETT HEMANN ROBERTSON P.C.

*s/ John E Pollino*
John E Pollino
OSB No. 925202
503-581-1501
503-581-5891 (FAX)
jpollino@ghrlawyers.com
Of Attorneys for Defendants Ogletree, Deakins, Nash,
Smoak & Stewart, P.C., Leah Lively, Steven Seymour,
Christopher Mixon, and David Symes