**Helen M. McFarland** OSB# 013176
hmcfarland@seyfarth.com
SEYFARTH SHAW LLP
800 5th Avenue, Ste. 4100
Seattle, WA 98104
Telephone: (206) 946-4923
Facsimile: (206) 260-8839

**Christian J. Rowley** (*Pro Hac Vice*)
Crowley@seyfarth.com
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

*Attorneys for Wells Fargo Bank, N.A., Christian Rowley,
and Peter Urias*

Hon. Ann Aiken

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **ANDREW G. CLARK,**<br><br>Plaintiff Pro Se,<br><br>v.<br><br>**WELLS FARGO BANK, N.A.**, *et al.*<br>Defendants. | Case No. 6:20-cv-253-AA<br><br>DEFENDANT WELLS FARGO BANK, N.A.'s MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER TO LIMIT PLAINTIFF'S CONTACT WITH WELLS FARGO AND DIRECT COMMUNICATIONS TO ITS COUNSEL OF RECORD ONLY, AND FOR SANCTIONS |

## INTRODUCTION

In *Clark v. Wells Fargo Bank, N.A., et al.*, No. 6-14-cv-01103-TC (D. Or. Sept. 3, 2013), this Court ordered Plaintiff, Andrew Clark, not to "contact or communicate with any officer, director, employee or other person associated with defendant Wells Fargo concerning this litigation or any other matter, without authorization by specific order of this court. All such communication shall be directed only to counsel of record. Any suggestion that plaintiff has failed to comply with the requirements of this order will result in sanctions for contempt of court, which may include dismissal of this proceeding."

Defendant Wells Fargo Bank, N.A. now moves ex parte for this same relief against Plaintiff as Plaintiff has continued to harass, vex, and disrupt Wells Fargo by sending unsolicited communications to Wells Fargo's Board of Directors and various Wells Fargo branches in New York, New Jersey, Oregon, and Colorado—just in the past few weeks—and disrupting their operations, the effects of which are amplified in light of the pandemic. Accordingly, Wells Fargo requests that the Court grant its ex parte application and issue an order, as it previously did, limiting Plaintiff's communications with Wells Fargo branches, employees, officers, directors, and other affiliated persons unless by Court order, and that any communications should be directed to Christian Rowley, counsel of record for Wells Fargo.

# RELEVANT BACKGROUND[1]

### A. This Court Previously Admonished Plaintiff For The Type Of Vexatious Behavior He Now Exhibits In This Action

On July 11, 2014, Plaintiff filed a lawsuit against Wells Fargo alleging the same claims he brings in this lawsuit ("*Clark IV*"). See Docket # 45, RJN, Ex. G. Despite Wells Fargo's repeated requests for Plaintiff to limit his communications to counsel of record and to refrain from contacting Wells Fargo directly, Plaintiff ignored Wells Fargo's requests and continued direct communications to individuals other than counsel of record. Because of Plaintiff's vexatious, oppressive, and disruptive conduct, Wells Fargo brought a motion for an order directing Plaintiff to refrain from unsolicited communications with Wells Fargo's employees, officers, and Board of Directors, and Wells Fargo's counsel, Seyfarth Shaw LLP and Williams, Kastner, Gibbs PLLC, except through counsel of record. Docket # 45, RJN, Ex. J.

On November 24, 2014, this Court granted Wells Fargo's motion and ordered that Plaintiff "shall not contact or communicate with any officer, director, employee or other person associated with defendant Wells Fargo concerning this litigation or any other matter, without authorization by specific order of this court. All such communication shall be directed only to counsel of record. Any suggestion that plaintiff has failed to comply with the requirements of this order will result in sanctions for contempt of court, which may include dismissal of this proceeding." *Id.*

---

[1] Plaintiff has a long history with this Court. To avoid repetition, Wells Fargo refers the Court to its Motion to Dismiss and Request for Orders Pursuant to the All Writs Act, Docket # 42, for a more thorough procedural background. Wells Fargo only sets forth the facts relevant to its ex parte application in the Background section.

On June 22, 2016, this Court dismissed Plaintiff's prior lawsuit against Wells Fargo with prejudice. Docket # 45, RJN, Exs. B, K. The Ninth Circuit affirmed the judgment against Plaintiff. Docket # 45, RJN, Ex. L.

### B. Plaintiff's Harassment Continued Even After *Clark IV* Was Dismissed

Even after the Court dismissed Plaintiff's lawsuits against Wells Fargo, Clark continued to harass Wells Fargo (including Wells Fargo branches, employees, officers, and directors), its counsel (including Seyfarth Shaw LLP), and numerous uninvolved third parties with dozens of unsolicited, defamatory, and harassing communications, some of whom are now defendants in this present lawsuit. Docket # 44, Declaration of Christian J. Rowley in support of Defendants' Motion to Dismiss/Request for Orders Pursuant to the All Writs Act, ¶¶ 6-21, Exs. 1-12. Plaintiff's extensive history of harassing behavior is detailed in Wells Fargo's Motion to Dismiss and Request for Orders Pursuant to the All Writs Act and the Declaration of Christian Rowley in support thereof. See Docket # 42 (Memorandum of Points and Authorities), and Docket # 44 (Rowley Decl.).

### C. Plaintiff Files The Present Lawsuit On February 14, 2020

On February 14, 2020, Clark filed the present action. Complaint, Dkt. 1. The current case is brought against *twenty* defendants, including Wells Fargo, and Urias and Rowley, counsel of record for Wells Fargo.[2] *Id.*

---

[2] Urias is former counsel for the Bank.

### D. Plaintiff Continues To Send Unsolicited Communications To Random Wells Fargo Branches That Have No Involvement In This Lawsuit

On March 25, 2020, Plaintiff faxed what appears to be a letter addressed to "Billy Williams, United States Attorney for Oregon" to a Wells Fargo Branch in Colorado. Declaration of Christian Rowley in Support of Wells Fargo's Ex Parte Application ("Rowley Decl.), ¶ 5, Ex. A. The Colorado Wells Fargo branch has no involvement in this lawsuit on any of the allegations or events underlying Plaintiff's claims. Rowley Decl. ¶¶ 5, 7.

On April 9, 2020, Plaintiff faxed a document entitled "Motion for Judicial Notice of Adjudicative Facts and Clarification of Claim for Relief" to three separate Wells Fargo Branches—in New York, New Jersey, and Oregon.[3] Rowley Decl., ¶ 6, Exs. B-D. Plaintiff sent these faxes at different times that day. *Id.* The Wells Fargo branches in New York, New Jersey, and Oregon to which Plaintiff faxed his "Motion" have no involvement in this lawsuit or any of the allegations or events underlying Plaintiff's claims. Rowley Decl., ¶ 6.

On April 13, 2020, Plaintiff sent Wells Fargo's Board of Directors, John Pollino (counsel of record for the Ogletree defendants), and individuals who appear to be part of the American Bar Association and the Oregon State Bar, an email with the subject line of "Bar Complaint - 18 USC 1621 violation." Rowley Decl., ¶ 7, Ex. E. This correspondence was also served through Wells Fargo's service of process agent in Delaware. *Id.* Plaintiff's correspondence related to the motion that Pollino had filed on behalf of the Olgetree defendants. *Id.* None of the individuals on Wells Fargo's Board of Directors has any

---

[3] Wells Fargo's legal department based in Los Angeles, California, also received these documents. Rowley Decl., ¶ 6.

involvement in this lawsuit or any of the allegations or events underlying Plaintiff's claims. Rowley Decl. ¶ 7. Employees at these Wells Fargo branches and the Board of Directors' office had to disrupt their duties, including helping clients deal with the COVID-19 crisis, and expend time and effort to review and identify this document and ensure that the communication was transmitted to the appropriate individuals in Wells Fargo's legal department. Rowley Decl., ¶¶ 8.

## ARGUMENT

This Court has inherent power to manage its proceedings, and to prevent conduct by litigants that is vexatious, oppressive, or disruptive to litigation. *See Chambers v. NASCO*, 501 U.S. 32 (1991) (discussing the broad scope of the Court's inherent power to prevent vexatious or disruptive conduct by litigants). Further, where a party's conduct is disruptive to litigation, the Court has discretion to apply an appropriate sanction. *Id.* at 44-45.

The vexatious behavior that Plaintiff displays in this case mirrors the conduct he exhibited in his prior lawsuits against Wells Fargo and that this Court previously admonished. There is no reason or need for Plaintiff to contact or communicate with any employee, director, officer, branch, or other individuals affiliated with Wells Fargo, other than its counsel of record, as these third parties have no involvement whatsoever in this lawsuit or any of the alleged circumstances or events that form the bases of Plaintiff's Complaint. These communications serve no legitimate purpose and are disruptive to Wells Fargo's personnel and its business and operations, particularly in light of the current pandemic that has placed immense challenges, pressure, limitations on many businesses' operations, including Wells Fargo. As evident by his conduct in his past lawsuits against Wells Fargo, Plaintiff

demonstrates a pattern and practice of disregarding Court orders, rules, procedures, and unnecessarily involving third parties that have no relation or involvement in any matter relevant to Plaintiff's lawsuit.

Accordingly, Wells Fargo respectfully requests that this Court exercise its inherent power and order Plaintiff to refrain from communicating or contacting any officer, director, employee, office, branch, or other person associated with defendant Wells Fargo concerning this litigation or any other matter, without this Court's authorization, and to direct all such communications only to counsel of record, Christian Rowley, and to issue the appropriate sanctions against Plaintiff should such order be issued and violated by Plaintiff.

## **CONCLUSION**

Wells Fargo respectfully requests this Court to grant its ex parte application and issue an order for Plaintiff to refrain from contacting or communicating with any officer, director, employee, branch or office, or other person affiliated with Wells Fargo concerning this litigation or any other matter unless authorized by the Court, and to direct any such communication to counsel of record, Christian Rowley. If such order is issued and violated by Plaintiff, Wells Fargo requests the Court to impose the appropriate sanctions against Plaintiff.

DATED April 16, 2020

s/ Christian J. Rowley
SEYFARTH SHAW LLP
(415) 397-2823
*Attorneys for Wells Fargo Bank, N.A., Christian Rowley, and Peter Urias*
