**Helen M. McFarland** OSB# 013176
hmcfarland@seyfarth.com
SEYFARTH SHAW LLP
800 5th Avenue, Ste. 4100
Seattle, WA 98104
Telephone: (206) 946-4923
Facsimile: (206) 260-8839

**Christian J. Rowley** (*Pro Hac Vice*)
Crowley@seyfarth.com
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor
San Francisco, California  94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

*Attorneys for Wells Fargo Bank, N.A., Christian Rowley,
and Peter Urias*

Hon. Ann Aiken

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| **ANDREW G. CLARK,**<br><br>Plaintiff Pro Se,<br><br>v.<br><br>**WELLS FARGO BANK, N.A.**, *et al.*<br>Defendants. | **Case No. 6:20-cv-253-AA**<br><br>DEFENDANT WELLS FARGO BANK, N.A.'S EX PARTE APPLICATION FOR AN ORDER TO LIMIT PLAINTIFF'S CONTACT WITH WELLS FARGO AND DIRECT COMMUNICATIONS TO ITS COUNSEL OF RECORD ONLY, AND FOR SANCTIONS |

Defendant Wells Fargo Bank, N.A. moves ex parte for an order directing Plaintiff to refrain from contacting or communicating with Wells Fargo, including its officers, directors, employees, and offices/branches regarding his employment, claims or allegations against the Bank, its attorneys, agents or any officers, or any case-related information unless with Court authorization, and to direct any such communications to Wells Fargo's counsel of record, Christian Rowley. Wells Fargo further requests that if such order is issued and violated by Plaintiff, that the Court issue appropriate sanctions against Plaintiff. Plaintiff continues to send unsolicited communications to various Wells Fargo branches that have no involvement in this lawsuit whatsoever even though he is well aware that Wells Fargo is represented by counsel and should direct such communications to counsel of record. Plaintiff's vexatious behavior, which Plaintiff exhibited in his past lawsuits against Wells Fargo and of which this Court previously admonished, serves no purpose other than to burden and harass Wells Fargo, interfere with its operations, and disrupt the litigation.

This ex parte application is based on the Court's inherent power to manage its proceedings, *see Chambers v. NASCO*, 501 U.S. 32 (1991), all pleadings in this action to date, all pleadings in *Clark v. Wells Fargo Bank, N.A., et al.*, No. 6:13-cv-01546-AA (D. Or. Sept. 3,

---

[1] Wells Fargo understands that the meet and confer requirement set forth in Local Rule 7 apply to regular motion practice and not to ex parte applications. Even if the meet and confer requirement applies to ex parte applications, Wells Fargo holds a good faith belief that any attempts to meet and confer with Plaintiff would be futile as demonstrated by its past meet and confer attempts with Plaintiff asking him to cease communications with Wells Fargo and affiliated persons and entities except through counsel of record, but Plaintiff disregarded Wells Fargo's requests. *See* Declaration of Christian Rowley in support of Wells Fargo's Ex Pare Application, ¶ 4, filed herewith. *See also* Docket # 45, Defendants Wells Fargo, Christian Rowley, and Peter Urias' Request for Judicial Notice in support of Motion to Dismiss and Request for Orders Pursuant to All Writs Act, Exhibit J.

2013), all pleadings in *Clark v. Wells Fargo Bank, N.A., et al.*, Case No. 6:14-cv-01103-TC (D. Or. July 11, 2014), Wells Fargo's accompanying Memorandum of Points and Authorities in support of this Ex Parte application, and the Declaration of Christian J. Rowley in support of this Ex Parte application.

DATED April 16, 2020

s/ Christian J. Rowley
SEYFARTH SHAW LLP
 (415) 397-2823
*Attorneys for Wells Fargo Bank, N.A., Christian Rowley, and Peter Urias*