John E. Pollino, OSB No. 925202
jpollino@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
1011 Commercial Street N.E.
Salem, Oregon 97301-1049
Tel: (503) 581-1501
Fax: (503) 581-5891
    Of Attorneys for Defendants Lively,
    Symes, Mixon, Ogletree Deakins,
    and Seymour

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ANDREW CLARK | No.    6:20-cv-00253-AA |
| Plaintiff , | |
| vs. | **DEFENDANT'S OGLETREE DEAKINS NASH SMOAK STEWART, P.C., LEAH LIVELY, DAVID SYMES, CHRISTOPHER MIXON AND STEVEN SEYMOUR'S REPLY IN SUPORRT OF MOTION FOR PROTECTIVE ORDER AND TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT** |
| WELLS FARGO BANK, OGLETREE DEAKINS NASH SMOAK STEWART, P.C., OREGON BAR ASSOCIATION, LEAH C LIVELY, DAVID P.R. SYMES, CHRISTOPHER MIXON, MICHAEL HOGAN, ALEX GARDNER, ERIK HASSELMAN, STEVEN SEYMOUR, CHRISTIAN ROWLEY, BENJAMIN GUTMAN, BARRY DAVIS, DAVID CAMPBELL, BRUCE NEWTON, PETER URIAS, ELLEN ROSEBLUM, SABASTIAN NEWTON TAPIA, BEN MILLER, and VANESSA NORDYKE | |
| Defendants . | |

## I.   REPLY

Defendants Ogletree, Deakins, Nash, Smoak, & Stewart, P.C. ("Ogletree"); Leah Lively;

David Symes; Christopher Mixon (collectively "Ogletree Defendants"); and Steven Seymour

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR                 Page - 1
PROTECTIVE ORDER AND TO DECLARE PLAINTIFF A
VEXATIOUS LITIGANT: Clark v Wells Fargo, et al.

respectfully submit the following Reply in Support of Defendants' Motion for Protective Order and to Declare Plaintiff a Vexatious Litigant. Plaintiff has failed to address the issues raised in the Ogletree Defendants' and Mr. Seymour's Motion for Protective Order, and thus, the Motion should be granted, limiting Plaintiff's communications and declaring him a vexatious litigant.

Since the time of defendants' filings, Plaintiff has continued to engage in abusive and harassing communications of the Ogletree Defendants, Mr. Seymour, and now current counsel. **Declaration of John E. Pollino in Support of Reply in Support of Motion to Dismiss and Reply in Support of Motion for Protective Order and to Declare Plaintiff a Vexatious Litigant ("Pollino Decl."), ¶ 4, Ex. 1.** The Ogletree Defendants and Mr. Seymour seek an order to enjoin Plaintiff from communicating with them directly, to require Plaintiff maintain professional communication with represented counsel, and to limit Plaintiff's ability to further abuse the legal system with his frivolous filings and harassing behavior. Plaintiff has a long and documented history of engaging in vexatious behaviors, as described in the Motion for Protective Order, and other defendants in this matter have similarly requested assistance from this Court in monitoring and limiting Plaintiff's abusive communications. ***See, e.g.,* Wells Fargo's Ex Parte Application for an Order to Limit Pl.'s Contact with Wells Fargo and Direct Communications to Its Counsel of Record Only, and for Sanctions, ECF No. 72.**

Plaintiff has also included false claims in his latest filing in response to the Motion for Protective Order. Specifically, he has claimed that the undersigned counsel lied to this Court regarding conferral with Plaintiff on the Ogletree Defendants' and Mr. Seymour's Motion to Dismiss and Motion for Protective Order. **Pl.'s Objection, ECF No. 74, p. 2.** This claim is patently false, as the Declaration submitted in support of both motions' states:

> "I certify that on April 8, 2020, I wrote to Plaintiff to confer regarding the dismissal of Plaintiff's complaint and to discuss the

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER AND TO DECLARE PLAINTIFF A
VEXATIOUS LITIGANT: Clark v Wells Fargo, et al.

Page - 2

> bases for the filing of the defendants' motions.  Plaintiff disputed the bases for filing defendants' motions and thus the motions are submitted for the Court's consideration.  True and correct copies of my communication and Plaintiff's responses are attached as ***Exhibit 20***."

Conferral regarding these motions may not have occurred by telephone, but given Plaintiff's history of abusive and harassing communications, the undersigned counsel determined the appropriate course of action would be to document all communication with Plaintiff in writing.[1] All evidence of those communications has been provided to this Court.

Plaintiff also claims there was "no stalking and there was no stalking protection order," which is similarly false.  **Pl.'s Objections, ECF No. 74, p. 3.**  Plaintiff himself submitted the "stalking protection order" as an exhibit to his own Complaint.  **ECF No. 1-1, pp. 48-49.** Plaintiff's disagreement with his previous plea agreement and protection order and his personal, unsubstantiated belief that his criminal conviction was "false arrest and entirely manufactured crime" does not negate their existence.  In making this argument to the Court, Plaintiff has falsely represented previous events that actually occurred.  These facts should be considered by this Court in deciding whether a Protective Order and an Order Declaring Plaintiff a Vexatious Litigant would be appropriate in this case.

/ / / /

---

[1] Other defense counsel in this matter have acted in a similar fashion, given Plaintiff's history. In its Ex Parte Application to Limit Plaintiff's Contact with Wells Fargo, Wells Fargo's Counsel stated "Wells Fargo holds a good faith belief that any attempts to meet and confer with Plaintiff would be futile as demonstrated by its past meet and confer attempts with Plaintiff asking him to cease communications with wells Fargo and affiliated persons and entities except through counsel of record, but Plaintiff disregarded Wells Fargo's requests."  **Wells Fargo's Ex Parte Application, ECF No. 74, p. 2, n. 1.**  Plaintiff currently demonstrates a continuing disregard for requests to cease communication with represented parties, as demonstrated by the undersigned counsel's request for him to direct communication to represented counsel on April 8, 2020, and Plaintiff's continuing practice of abusive and harassing communications with the Ogletree Defendants, Mr. Seymour, and others represented by counsel in this matter.  ***See*** **Mot. for Protective Order, ECF No. 63, p. 1; Pollino Decl., ¶ 4, Ex. 1.**

Plaintiff begins his "Objection to Motion for Protective Order and Reply to Mr. Pollino and Client's April 9, 2020 Response" (hereinafter "Objection") by attaching an email he sent to Assistant United States Attorney Pam Holsinger. In the email attachment and Objection, Plaintiff cites no new facts, arguments, or inferences to counter the arguments raised in the Ogletree Defendants' and Mr. Seymour's Motion for Protective Order. He does not dispute the arguments raised regarding the need for a protective order or the request to declare him a vexatious litigant. He circularly cites to "Docket 56," as he has in other responsive filings in this case, notably in his "Reply to Resp. (partial)" filed on April 20, 2020 (ECF No. 73). "Docket 56" is Plaintiff's Motion for Judicial Notice of Adjudicative Facts and Clarification of Claim for Relief, which similarly cites to Plaintiff's Complaint and various other documents already submitted to this Court, either in this or in previously litigated matters (which Plaintiff has referred to this Court by referencing "PACER" filings repeatedly).

Plaintiff also makes unsupported legal conclusions that should not be given the inference of truth by this Court under the Federal Rules of Civil Procedure. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Plaintiff expresses concern that Wells Fargo is "not aware of the actual details of this situation." **Pl.'s Objection, p. 2.** Of note, the undersigned counsel does not represent Wells Fargo. Wells Fargo has its own counsel, so it is unclear why Plaintiff addressed that non-relevant concern in his Objection to the Ogletree Defendants' and Mr. Seymour's Motion for Protective Order.

Finally, Plaintiff asserts that the Federal Rules of Civil Procedure are an insufficient basis for the defendants' arguments and this Court's actions. **Pl.'s Objection, ECF No. 74, p. 3.** However, the Federal Rules of Civil Procedure are promulgated by the United States Supreme Court pursuant to the Rules Enabling Act (28 U.S.C. § 2072) with the express purpose to

"govern the procedure in all civil actions and proceedings in the United States district courts …

They should be construed, administered, and employed by the court and the parties to secure the

just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

By asserting that the Federal Rules of Civil Procedure should not govern this action, Plaintiff

proves why this Court must issue a Protective Order and Declare Plaintiff a Vexatious Litigant.

Without represented counsel, Plaintiff lacks sufficient knowledge, and continues to thwart, the

rules of this Court.  Without appropriate limitations on his conduct, Plaintiff will persist in

attempting to circumvent the rules governing the courts and engage in vexatious behavior,

further abusing the legal system.

## II. CONCLUSION

Because of the lack of appropriate response from Plaintiff, for the above reasons and

those cited in defendants' motion and based on the trial court file, this Court should enjoin

Plaintiff from communicating with the defendants except through represented counsel, and enter

an order declaring Plaintiff a vexatious litigant, subjecting further filings by plaintiff against

Defendants Lively, Symes, Mixon, Ogletree Deakins, and Seymour, and their represented

counsel, to pre-filing review.

DATED this 4th day of May, 2020.

GARRETT HEMANN ROBERTSON P.C.


*s/ John E Pollino*
John E Pollino
OSB No. 925202
503-581-1501
503-581-5891 (FAX)
jpollino@ghrlawyers.com
Of Attorneys for Defendants Ogletree, Deakins, Nash,
Smoak & Stewart, P.C., Leah Lively, Steven Seymour,
Christopher Mixon, and David Symes

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **Defendant's Reply in Support of Motion for Protective Order and to Declare Plaintiff a Vexatious Litigant** on the date indicated below,

[X]     Via First-Class Mail with postage prepaid
[X]     Via Electronic Filing
[  ]     Via Facsimile Transmission
[  ]     Via Hand Delivery
[  ]     Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by electronic filing notice), addressed to said person(s) at their last known addresses indicated below:

Andrew Clark
3270 Stoney Ridge Rd.
Eugene, OR 97405
*Phone:541-510-3915*
*Email:operationsunriselaw@gmail.com*
　Plaintiff *pro se*

Helen M. McFarland (OSB No 013176)
Seyfarth Shaw LLP
800 5th Avenue
Ste 4100
Seattle, WA 98104
*Phone: 206-946-4923*
*Email: hmcfarland@seyfarth.com*
　Of Attorney for Defendant's Wells
Fargo, Christian Rowley, and Peter Urias

Christian Rowley
Seyfarth Shaw LLP
560 Mission Street, Suite 3100
San Francisco, CA 94105
*Phone:(415) 544-1001*
*Fax: (415) 397-8549*
*Email: crowley@seyfarth.com*
　Of Attorney for Defendant's Wells Fargo,
Christian Rowley, and Peter Urias

Nik T. Chourey (*OSB No. 060478)*
Amber A. Hollister *(OSB No. 035458)*
Oregon State Bar
16037 SW Upper Boones Ferry Rd
P.O. Box 231935
Tigard, OR 97281-1935
*Phone:(503) 431-6312*
*Fax: (503) 598-6912*
nchourey@osbar.org
ahollister@osbar.org
　Of Attorneys for Oregon State Bar

Jessica B. Spooner (*OSB No. 105919*)
Department of Justice
1162 Court St. NE
Salem, OR 97301
*Phone: 503-947-4700*
*Fax: 503-947-4791*
Email: *Jessica.Spooner@doj.state.or.us*
　Of Attorneys for  defendant's Alex
Gardner, Erik Hasselman, Ellen Rosenblum,

Tom C. Spooner (*OSB No. 075310)*
Spooner & Much, P.C.
530 Center Street NE
Ste 712
Salem, OR 97301
503-378-7777
Email: tspooner@smapc.com
　Of Attorney for Barry Davis

Benjamin Gutman and Vanessa Nordyke
Billy M. Sime (*OSB 823932*)
Parks Bauer Sime Winkler & Fernety LLP
570 Liberty Street SE
Suite 200
Salem, OR 97301
*(503) 371-3502*
*Fax: (503) 371-0429*
*Email: bsime@pbswlaw.com*
   Of Attorney for David Campbell

David A. Jacobs (*OSB No. 942202*)
Luvaas Cobb
777 High Street
Suite 300
Eugene, OR 97401
*Phone: (541)484-9292*
*Fax: (541)343-1206*
*Email: djacobs@luvaascobb.com*
   Of Attorney for Bruce Newton

Sebastian Tapia (*OSB No. 043761*)
Lane County Office of Legal Counsel
Lane County Courthouse
125 East 8th Avenue
Eugene, OR 97401
*Phone: 541-682-3728*
*Fax: 541-682-3803*
*Email: sebastian.tapia@co.lane.or.us*
   Of Attorney for Sabastian Newton Tapia

Sivhwa Go (*OSB No. 033252*)
Eugene City Attorney's Office
125 E 8th Avenue
Eugene, OR 97401
*Phone: 541-682-8447*
*Fax:: 541 682-5414*
*Email: hgo@eugene-or.gov*
   Of Attorney for Ben Miller

Jared Hager (*OSB No.*
U.S. Attorney's Office
District of Oregon, Civil Division
1000 SW 3rd Ave , Suite 600
Portland, OR 97204
*Phone: 503-727-1120*
*Fax: 503-727-1117*
*Email: jared.hager@usdoj.gov*
   Of Attorneys for Michael Hogan

DATED this 4th day of May, 2020.

GARRETT HEMANN ROBERTSON P.C.

*s/ John E Pollino*
John E Pollino
OSB No. 925202
503-581-1501
503-581-5891 (FAX)
jpollino@ghrlawyers.com
Of Attorneys for Defendants Ogletree, Deakins, Nash,
Smoak & Stewart, P.C., Leah Lively, Steven Seymour,
Christopher Mixon, and David Symes