**Helen M. McFarland** OSB# 013176
hmcfarland@seyfarth.com
SEYFARTH SHAW LLP
800 5th Avenue, Ste. 4100
Seattle, WA 98104
Telephone: (206) 946-4923
Facsimile: (206) 260-8839

**Christian J. Rowley** (*Pro Hac Vice*)
Crowley@seyfarth.com
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor
San Francisco, California  94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

*Attorneys for Wells Fargo Bank, N.A., Christian Rowley,*
*and Peter Urias*

Hon. Ann Aiken

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **ANDREW G. CLARK,**<br><br>       Plaintiff Pro Se,<br><br>   v.<br><br>**WELLS FARGO BANK, N.A.**, *et al.*<br>       Defendants. | **Case No. 6:20-cv-253-AA**<br><br>DEFENDANT WELLS FARGO BANK, N.A.'s MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE REQUEST FOR AN ORDER TO SHOW CAUSE RE: SANCTIONS AGAINST PLAINTIFF FOR VIOLATING THE COURT'S  MAY 8, 2020 ORDER |

## INTRODUCTION

On May 8, 2020, this Court issued an order prohibiting Plaintiff from "contact[ing] or communicat[ing] with any person associated with defendant Wells Fargo concerning this litigation or any other matter without authorization by specific order of this Court. All such communication shall be directed only to counsel of record, Christian Rowley." (the "Order") (Docket #80). The Order further stated that "Plaintiff is warned that failure to comply with the requirements of this order will result in sanctions for contempt of court, which may include dismissal of this processing." (*Id.*)

On May 11, 2020, despite being informed about the Order on May 8 by Mr. Rowley, Plaintiff willfully violated the Order by sending an email to Wells Fargo's Board of Directors that specifically omitted Mr. Rowley, in direct contravention of the Court's clear directive. In the email, Plaintiff threatened his plan for "a mailing campaign" to the Board of Directors unless the Parties agreed to alternative dispute resolution. The content of the e-mail can also reasonably be interpreted to suggest that Plaintiff simply disagreed with the Order and would not be following it. Moreover, the email simply rehashed again the same factual and legal claims Plaintiff has previously litigated and lost and is seeking to rehash in this case.

Wells Fargo respectfully requests that this Court exercise its inherent authority and issue an Order to Show Cause why sanctions should not be awarded against Plaintiff for his inappropriate behavior and to deter future similar conduct. Based on Plaintiff's past behavior, Defendants do not believe that Mr. Clark will be deterred absent some further Court intervention.

# RELEVANT BACKGROUND[1]

### A.    This Court Issued An Order On May 8, 2020 Prohibiting Plaintiff From Communicating With Wells Fargo And To Direct Any Authorized Communications To Its Counsel Of Record, Rowley

On April 16, 2020, Wells Fargo filed an ex parte application for an order prohibiting Plaintiff from contacting or communicating with any officer, director, employee, branch or office, or other person affiliated with Wells Fargo concerning this litigation or any other matter unless authorized by the Court, and to direct any such communication to counsel of record, Christian Rowley. (Docket # 70, 71, 72). As set forth more fully in its ex parte papers, an order limiting Plaintiff's communication was necessary given Plaintiff's past, present, and continuing vexatious, oppressive, and disruptive conduct. (Docket # 70, 71, 72).

On May 8, 2020, the Court granted Wells Fargo's ex parte application and issued an Order, which states in relevant part:

> "Plaintiff shall not contact or communicate with any person associated with defendant Wells Fargo concerning this litigation or any other matter without authorization by specific order of this Court. All such communication shall be directed only to counsel of record, Christian Rowley.
>
> Plaintiff is warned that failure to comply with the requirements of this order will result in sanctions for contempt of court, which may include dismissal of this proceeding."

(Docket # 80).

---

[1] Plaintiff has a long history with this Court of which this Court is very familiar. To avoid repetition, Wells Fargo refers the Court Docket # 42 and 71 for a more thorough procedural background. Wells Fargo only sets forth the facts relevant to its ex parte application in the Background section.

**B.** **On May 8, Wells Fargo Notified Plaintiff Of The Order And
Requested Plaintiff To Cease All Further Communications
With Wells Fargo Except Through Rowley**

Wells Fargo, through counsel of record, Christian Rowley, notified Plaintiff on May 8

via email of the Court's directive and attached a copy of the Order. (Declaration of Christian

Rowley ("Rowley Decl."), ¶¶3-4, Ex. A.) Mr. Rowley reiterated Wells Fargo's oft-repeated

request for Plaintiff to cease further attempts to communicate with anyone associated with

Wells Fargo except through him, and asked for Plaintiff's compliance with the Order. (*Id.*)

**C.** **On May 11, Plaintiff Violated This Court's Order By
Contacting Wells Fargo's Board of Directors**

On May 11, literally the next business day after the Court issued its Order, Plaintiff sent

an email to Wells Fargo's Board of Directors, Helen McFarland at Seyfarth Shaw, John Pollino

(counsel of record for other defendants in this action), and Bill Williams at the Department of

Justice. (Rowley Decl. ¶5, Ex. B.) Notably, Plaintiff's email was not addressed to Mr. Rowley,

even though the Court directed Plaintiff to transmit any communications to Mr. Rowley only;

Mr. Rowley is lead counsel of record for Wells Fargo and has been for many years, and Mr.

Rowley had just three days earlier communicated with him about the Order. (Rowley Decl. ¶ 4,

Ex. A.) In the email, Plaintiff also threatened a "mailing campaign" to the Board of Directors

unless Wells Fargo agreed to alternative dispute resolution, stating: "I am planning another

Rule 24 motion on a mandatory basis and a mailing campaign to their Board of Directors but I

hope you agree that ADR is a better way to handle banking matters." (Rowley Decl. ¶5, Ex. B.)

Plaintiff's communication was neither authorized by the Court nor served any legitimate

purpose as it rehashes the same allegations that form the basis of this lawsuit and his two prior

lawsuits against Wells Fargo. (*Id.*)

On May 13, Mr. Rowley emailed Plaintiff to inform him that Wells Fargo will seek

relief from the Court for Plaintiff's violation of the Court's order. (Rowley Decl. ¶ 7, Ex. C.)

Mr. Rowley once again requested that Plaintiff comply with the Court's May 8 Order and to

direct all future correspondence to him only. (*Id.*)

## ARGUMENT

### A. The Court Has The Inherent Authority To Impose Sanctions For Willful Violation Of A Court Order

Following fair notice and an opportunity for a hearing, federal courts have inherent

power to impose sanctions against parties for "bad faith" conduct in litigation or for "willful

disobedience" of a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Oregon RSA*

*No. 6 v. Castle Rock Cellular of Oregon Ltd. Partnership*, 76 F.3d 1003, 1007-08 (9th Cir.

1996) (inherent powers may be used to sanction party who "willfully abuses the judicial

process"). The court's inherent powers "are governed not by rule or statute but by the control

necessarily vested in courts to manage their own affairs so as to achieve the orderly and

expeditious disposition of cases." *Id*. at 43.

### B. Sanctions Are Warranted For Plaintiff's Willful Violation Of The Court's May 8 Order

For a party's willful disobedience of a court order, the court may assess attorneys' fees

and other non-monetary sanctions under its inherent power. *In re Girardi*, 611 F.3d 1027 (9th

Cir. 2010) (imposition of attorney fees and costs on offending party); *Malone v. U.S. Postal*

*Service*, 833 F.2d 128, 132 n. 1 (9th Cir. 1987) (alternative sanctions aside from dismissal

include a formal reprimand, a fine, and the imposition of costs or attorney fees).  Effective non-

monetary sanctions may include default or dismissal, but they can also take the form of

sanctions designed to regulate future conduct. *See e.g., Haeger v. Goodyear Tire & Rubber*

*Co.*, 813 F.3d 1233 (9th Cir. 2016) (ordering that a copy of sanctions order must be filed in any subsequent related case); *citing Gallop v. Cheney,* 667 F.3d 226, 228 (2nd Cir. 2012) (requiring notice of sanctions assessment to be given to other courts in which counsel appears); *Hale v. U.S. Trustee*, 509 F.3d 1139, 1149 (9th Cir. 2007) (imposing non-monetary sanction to regulate future conduct "in response to specific and repeated acts of incompetent and irresponsible representation").

The District Court of Oregon previously exercised its inherent authority to impose sanctions under very similar circumstances. In *Kelly v. U.S. Bank*, 2010 WL 2817292, at **7-9 (D. Or. 2010) (report and recommendation adopted, 2010 WL 2817283 (D. Or. July 16, 2010)), the Court imposed monetary sanctions against a *pro se* litigant due to her violation of a court order prohibiting her from communicating directly with U.S. Bank personnel, and requiring all communication to go to U.S. Bank's outside counsel.

Here, the Court specifically warned Plaintiff that any failure to comply with the Order will result in sanctions for contempt of court, which may include dismissal of the proceedings. (Docket #80). Yet Plaintiff still sent an unauthorized communication to Wells Fargo's Board of Directors in direct violation of the Court's clear directive. Plaintiff's behavior is consistent with the pattern of disruptive and vexatious behavior he exhibited in his prior lawsuits against Wells Fargo and that he continues to exhibit in this most recent lawsuit.

## **CONCLUSION**

Wells Fargo respectfully requests this Court to issue an order to show cause why

Plaintiff should not be sanctioned for his violation of this Court's May 8, 2020 Order.


DATED May 15, 2020

s/ Christian J. Rowley
SEYFARTH SHAW LLP
 (415) 397-2823
*Attorneys for Wells Fargo Bank, N.A., Christian Rowley, and Peter Urias*