**Helen M. McFarland** OSB# 013176
hmcfarland@seyfarth.com
SEYFARTH SHAW LLP
800 5th Avenue, Ste. 4100
Seattle, WA 98104
Telephone: (206) 946-4923
Facsimile: (206) 260-8839

**Christian J. Rowley** (*Pro Hac Vice*)
crowley@seyfarth.com
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

*Attorneys for Wells Fargo Bank, N.A., Christian Rowley, and Peter Urias*

Hon. Ann Aiken

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **ANDREW G. CLARK,**<br><br>Plaintiff Pro Se,<br><br>v.<br><br>**WELLS FARGO BANK, N.A.**, *et al.*<br>Defendants. | Case No. 6:20-cv-253-AA<br><br>DECLARATION OF CHRISTIAN J. ROWLEY IN SUPPORT OF DEFENDANT WELLS FARGO BANK, N.A.'S EX PARTE REQUEST FOR AN ORDER TO SHOW CAUSE RE: SANCTIONS AGAINST PLAINTIFF FOR VIOLATING THE MAY 8, 2020 ORDER |

I, Christian Rowley, hereby declare as follows:

1.  I am a partner with the law firm Seyfarth Shaw LLP ("Seyfarth"), which is counsel of record for defendant Wells Fargo Bank, N.A ("Wells Fargo"). I am an attorney licensed to practice law in the state and federal courts of California, Utah and Massachusetts. I have applied for, and was granted, admission *pro hac vice* to the United States District Court for the District of Oregon in connection with the above-captioned lawsuit. The following is based upon my own personal knowledge, and if called upon to testify thereto, I could accurately do so.

2.  Seyfarth was retained to represent Wells Fargo, Wells Fargo & Company, Inc., and Wells Fargo Home Mortgage in the matter of *Clark v. Wells Fargo Bank, N.A., et al.* ("*Clark III*"), No. 6:13-cv-01546-AA, 2014 WL 2998600 (D. Or. July 1, 2014). I was lead counsel in *Clark III*. Seyfarth also represented Wells Fargo in the matter of *Clark v. Hasselman et al.* ("*Clark IV*"), No. 6:14-cv-01103-TC, 2016 WL 3474178 (D. Or. Apr. 4, 2016). I was lead counsel in *Clark IV*.

3.  On May 8, 2020, this Court issued an order prohibiting Plaintiff from contacting or communicating with any person associated with Wells Fargo unless authorized by the Court, and to direct any such communications only to me (the "Order").

4.  I reviewed the Order and then emailed Plaintiff on May 8 to notify him of the Court's directive and attached a copy of the Order. Exhibit A attached hereto is a true and correct copy of the email I sent to Plaintiff on May 8, 2020.

5.  On May 11, 2020, Plaintiff sent a correspondence to Wells Fargo's Board of Directors through the Board of Directors' email address. None of the individuals on Wells Fargo's Board of Directors has any involvement in this lawsuit or any circumstances that form

the basis of Plaintiff's Complaint. This correspondence was also emailed Helen McFarland at Seyfarth Shaw, who is serving as local counsel, John Pollino, counsel of record for the Ogletree defendants, and Bill Williams at the Department of Justice. This communication had to be transmitted from the Board of Directors to several different individuals in order for it to be delivered to the appropriate individual at Wells Fargo's Legal Department, which was then transmitted to me on May 13, 2020. Exhibit B attached hereto is a true and correct copy of Plaintiff's May 11, 2020 email that he sent to the Board of Directors. Despite the Court's clear directive that any communications with Wells Fargo must be authorized by the Court and transmitted only to me, Plaintiff did not send me his May 11 email.

6. On information and belief, Plaintiff's unauthorized communication to the Board of Directors had to be addressed by multiple Wells Fargo personnel, which caused disruptions to their duties and required them to expend time and effort to review and identify the communication and ensure that the communication was transmitted to the appropriate individuals in Wells Fargo's legal department when, in light of the pandemic, the resources are already strained.

7. On May 13, 2020, I emailed Plaintiff to inform him that Wells Fargo would be seeking relief from the Court for Plaintiff's violation of the Court's order, to remind him of his obligation to adhere to the Court's May 8 Order, and to request once again that any future communications should be directed to me only. Exhibit C attached to this declaration is a true and correct copy of my May 13 email to Plaintiff.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the State of Oregon and the United States that the foregoing is true and correct.

Executed on May 15, 2020 in San Francisco, California.



        s/ Christian Rowley
        CHRISTIAN ROWLEY