# EXHIBIT A

| | |
|---|---|
| **From:** | Rowley, Christian |
| **Sent:** | Friday, May 8, 2020 3:46 PM |
| **To:** | 'Andy Clark' |
| **Cc:** | Rowley, Christian |
| **Subject:** | Cease & Desist Order |
| **Attachments:** | Clark.pdf |

Dear Mr. Clark:

You have been ordered by the United States District Court to direct all communications intended for Wells Fargo or anyone associated with it to me. I have attached the Court Order.

Going forward, please do not attempt to communicate with anyone associated with the Bank or with my firm, except for me. This includes faxes, phone calls, emails, texts or any other form of communication.

We appreciate your anticipated full compliance with this Order, so we don't need to ask the Court to find you in contempt or seek other sanctions.

Have a Good Weekend & Best Regards,

Christian


**Christian J. Rowley** | Partner
San Francisco | Ext: 781001 (+1-415-544-1001) | Mobile: +1-415-377-7195
crowley@seyfarth.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ANDREW CLARK,                      Case No. 6:20-cv-00253-AA

    Plaintiff,                           **OPINION AND ORDER**

vs.

WELLS FARGO BANK; et al.,

    Defendants.

_____

AIKEN, District Judge:

    Defendants Ogletree, Deakins, Nash, Smoak, Stewart, P.C. ("Ogletree"); Leah Lively; David Symes; Christopher Mixon ("the Ogletree defendants") and Steven Seymour have filed a motion seeking a protective order and to declare plaintiff, Andrew Clark, a vexatious litigant. Doc. 62. Defendants Wells Fargo Bank, N.A. ("Wells Fargo") has also filed an ex parte motion for a protective order. Doc. 72.

Page 1 – OPINION AND ORDER            3            Exhibit A

For the following reasons, the Ogletree defendants' and Seymour's motion (doc. 62) is granted in part and deferred in part, and Wells Fargo's motion (doc. 72) is granted.

Plaintiff is a former Wells Fargo employee with a long history of litigation with the Ogletree defendants, Seymour, and Wells Fargo, including *Wells Fargo Bank, N.A. v. Clark*, No. 6:11-cv-06248-AA, *Clark v. Wells Fargo Bank, N.A. et al.*, No. 6:13-cv-01546-AA, *Clark v. City of Eugene, et al.*, No. 6:14-cv-01103-MK. In two of those cases plaintiff was either (1) warned to limit his communications to defendants' law firms and to keep those communications focused on the litigation and use a professional tone, (2) held in contempt for failing to do so, or (3) ordered not to communicate with defendants except through counsel with authorization from the court. *See e.g.* Doc. 153 in No. 6:11-cv-06248-AA (granting motion for contempt based on conclusion that Clark "continued to communicate with [Wells Fargo's] counsel[, Lively,] in a harassing, vulgar and threatening manner and willfully ignoring reasonable requests to conform his communications to a professional standard"); Doc. 68 in No. 6:14-cv-01103-MK (ordering no contact with any person associated with Wells Fargo "concerning this litigation or any other matter, without authorization by specific order of this court" and that "[a]ll such communication shall be directed only to counsel of record").

Since plaintiff filed the Complaint in this case in February 2020, he has begun sending communications directly to defendants and others who are associated with defendants but are not parties to the case and are not involved in the events

underlying plaintiff's claims. The Ogletree defendants and Seymour, through counsel, asked plaintiff to stop contacting them directly, but plaintiff refused to stop voluntarily.

The Ogletree defendants and Seymour now move the Court for an order limiting plaintiff's communications regarding this litigation to counsel of record and to refrain from contacting defendants directly for any reason. Doc. 62. Wells Fargo moves the Court for an order for plaintiff to refrain from contacting defendants or those associated with Wells Fargo without authorization by the Court and to direct any approved communication to counsel of record. Doc. 72. Defendants assert that plaintiff's communications have been vexatious and disruptive to this litigation and to the work of defendants and those not involved in this case. Defendants' motions for protective orders are allowed.

The Ogletree defendants and Seymour also move the Court for an order declaring plaintiff a vexatious litigant and prohibiting plaintiff from filing future complaints. The Court will defer ruling on that request and will consider it alongside defendant's pending Motion to Dismiss (doc. 59).

IT IS HEREBY ORDERED that:

(1) Plaintiff shall not contact or communicate with defendants Ogletree, Lively, Symes, Mixon, or Seymour or any other person or office associated with these defendants concerning this litigation or any other matter except through counsel of record, John Pollino. Plaintiff's contact with counsel shall be limited to communication necessary for this litigation.

(2) Plaintiff shall not contact or communicate with any person associated with defendant Wells Fargo concerning this litigation or any other matter without authorization by specific order of this Court. All such communication shall be directed only to counsel of record, Christian Rowley.

Plaintiff is warned that failure to comply with the requirements of this order will result in sanctions for contempt of court, which may include dismissal of this proceeding.

Dated this  8th day of May 2020.

                                      /s/Ann Aiken

                                      Ann Aiken
                              United States District Judge