IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ANDREW CLARK

        Plaintiff,

   vs.

WELLS FARGO BANK; et al.,

        Defendants.

Case No. 6:20-cv-00253-AA
**OPINION AND ORDER**

AIKEN, District Judge:

On June 2, 2020, plaintiff Andrew Clark, proceeding *pro se*, appeared pursuant to the Court's May 20, 2020 Order (doc. 91) to respond to defendants' allegations that he had violated the Court's May 8, 2020 Order (doc. 80). That Order prohibited plaintiff from communicating directly with several represented defendants and third parties associated with them.

For the reasons that follow, the Court finds that plaintiff intentionally and repeatedly violated the May 8 Order. In the exercise of its discretion, the Court

concludes that its public reprimand of plaintiff in open court is a sufficient sanction for this violation. The Court also finds that plaintiff has engaged in disruptive and disrespectful behavior towards other defendants and their counsel, offices associated with defendants and counsel, and District Court staff. Due to this finding, the Court imposes additional restrictions on plaintiff's communications with those involved in this case.

## BACKGROUND

On May 8, 2020, the Court ordered plaintiff, *inter alia*, not to contact or communicate with defendants Ogletree, Deakins, Nash, Smoak, Stewart, P.C.; Leah Lively; David Symes; Christopher Mixon; and Steven Seymour ("the Ogletree defendants and Seymour"); or Wells Fargo Bank, N.A.; Christian Rowley; and Peter Urias ("Wells Fargo Defendants") or any other person or office associated with these defendants except through counsel of record. Order (doc. 80) at 3–4. The Court warned plaintiff that "failure to comply with the requirements of this order will result in sanctions for contempt of court, which may include dismissal of this proceeding." *Id.* at 4.

On May 15, 2020, the Wells Fargo defendants filed a Motion for Order to Show Cause (doc. 86), alleging that plaintiff had violated the May 8 Order by emailing the Wells Fargo Board of Directors on May 11, 2020. Wells Fargo asked the Court to find plaintiff in contempt and to impose appropriate sanctions.

The Court scheduled a hearing on the Motion for Order to Show Cause and the Ogletree defendants and Syme's Motion to Declare Plaintiff a Vexatious Litigant (doc.

62). Doc. 91. The Court ordered plaintiff to appear at the hearing and allowed plaintiff to file a formal response to both motions. Doc. 92. The Court also ordered defendants to either attend the hearing or file briefing on whether (1) plaintiff should be held in contempt, (2) whether dismissal would be an appropriate sanction, and (3) whether the Court should enter a prefiling order against plaintiff. Doc. 91.

Plaintiff filed a Motion to Strike (doc. 94) the scheduling order for the Show Cause hearing and a Response (doc. 99) to Wells Fargo defendants' Show Cause motion. Several defendants filed briefs responding to the Court's Scheduling Order (doc. 91). *See* Docs. 93, 97, 98, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109. Collectively, that briefing and the supporting exhibits demonstrate the following:

Christian Rowley, counsel of record for the Wells Fargo defendants, emailed plaintiff on May 8 to inform him that the Court had ordered him not to communicate directly with the Wells Fargo defendants, the Ogletree defendants and Seymour, and anyone or any offices associated with these defendants. Doc. 88 Ex. 1. Mr. Rowley attached a copy of the May 8 Order, which the Court had mailed to plaintiff, to that email. *Id*.

On May 11, 2020, plaintiff sent an email with the subject "Thank you . . ." to John Pollino, counsel for the Ogletree defendants and Seymour; Helen McFarland, local counsel for the Wells Fargo defendants; and Bill Williams, United States Attorney for the District of Oregon. Doc. 88 Ex. 2. The email states, in part:

> The law and Wells Fargo policy require me to continue communicating with anyone and everyone about the physically violent Federal Witness Tampering (Docket 56) and its concealment (Seyfarth) until I feel comfortable that the information gets through to Responsible Corporate

> Officers at Wells Fargo and Company. I am planning another Rule 24 motion on a mandatory basis and a mailing campaign to their Board of Directors but I hope you agree that ADR is a better way to handle banking matters.

*Id.* On May 13, Mr. Rowley received notice of the email from Wells Fargo's Legal Department, and emailed plaintiff:

> We are disappointed to learn that on Monday, May 11th, you flagrantly violated the Court's Friday, May 8th, Order.
>
> Even if you disagree with that Order, you cannot simply ignore it, as you have done by continuing to send communications directly to Wells Fargo about your claims and theories. In so doing, you have shown your disregard for the Judge, the Court, and the rule of law. We will be seeking relief from the Court in the form of sanctions and, if this behavior continues, potentially a further Order with additional restrictions.
>
> I respectfully encourage you to adhere to the Court's order and direct all future communications to me.

Doc. 88 Ex. 3.

On May 26, plaintiff emailed 31 addresses. Doc. 101 Ex. 18. The recipients appear to have included several of the Wells Fargo and Ogletree defendants, others associated with these defendants, other individual defendants who are represented by counsel, the Oregon State Police, and the FBI. *Id.* The email informed the recipients that plaintiff had filed his response briefing to the Court's show cause order, provided an electronic copy of the briefing, expressed his concerns about the June 2 hearing, and accused Court staff of fraud and acting without the Court's knowledge or authorization. *Id.*

On May 27, plaintiff emailed 16 addresses. Doc. 101 Ex. 19. The recipients included the Wells Fargo Board of Directors, the other individual Wells Fargo

Defendants, Seymour, and other individual defendants represented by counsel.  *Id.* That email informed the recipients that plaintiff would "be working to get the hearing put off[,]" "[did] not consider it valid[,]" and believed "[i]t is the result of system fraud by the court worker."  *Id.*

On May 28, plaintiff contacted one of Wells Fargo's branches by faxing the branch a document alleging that the June 2 hearing was the result of fraudulent actions by Court staff and a copy of an email reporting the fraud allegations to the FBI.  Doc. 106 Ex. 2.

On the morning of June 2, plaintiff emailed five attorneys in various offices at Seyfarth Shaw, the firm representing the Wells Fargo defendants, several defendants and counsel, and several third parties, with the subject "Fwd: Deprivation of Rights Under Color of Law – simulated legal process" alleging that defense counsel and Court staff had engaged in fraud.  Doc. 109 Ex. 1.

The briefing from defendants Alex Gardner, Erik Hasselman, Benjamin Gutman, Ellen Rosenblum, and Vanessa Nordyke ("the State defendants") also demonstrates that plaintiff had been contacting them directly and that, in mid-March, counsel for the State defendants asked him via email, phone, and a formal letter to stop contacting them and to direct all case related communications to her. Doc. 106 Ex. 1 at 1, 3; Ex. 2 at 1–2.  Plaintiff responded with an email to counsel and the State defendants, stating in part: "Thank you and I apologize but it is an essential exercise of Rights to Speech.  They are all 'public servants' with an ongoing mission to do what is right for the Citizen."  Doc. 106 Ex. 2 at 1.

Plaintiff's brief opposing sanctions asserts that (1) his claims have merit and his filings in this case show ample evidence of crimes committed by defendants; (2) defendants violated federal law by obtaining the June 2 hearing and May 8 orders; and (3) the fact that the FBI had emailed him to inform him that they had investigated his allegations related to this case demonstrates that his claims have merit, even though the agency determined that the alleged conduct does not constitute a federal crime within the FBI's jurisdiction. Doc. 99 at 1, 4, 6. Plaintiff also explained that "most of what defendants call 'vexation' is me trying to get them to respond to anything, or reporting attorney conduct to Wells Fargo or to the government agencies such as" the FBI. *Id.* at 4.

The parties appeared for a telephonic hearing on June 2, 2020. At the hearing, plaintiff expressed frustration that defendants' dispositive motions and the Court's orders to date did not address the evidence that he had presented in his Complaint and other filings, and that the Court had addressed some of defendants' motions before his. The Court reminded plaintiff that the hearing was not about his claims and that even as a *pro se* litigant, he has an obligation to learn and follow the rules and procedure of the Court, as well as all Court orders. The Court warned plaintiff that his contact with individual defendants was disruptive to the litigation process and preventing the Court from reaching the merits of this case. When the Court ordered plaintiff to respond to defendants' allegations, he asserted that he did not understand the May 8 Order and asked the Court for another chance to comply.

The Court also informed plaintiff that the Court's Courtroom Deputy had conveyed all plaintiff's communications to the Court and was not withholding information from the Court. The Court noted that it was aware of the volume of plaintiff's contacts with the Clerks Office and other Court staff, including emails to the Courtroom Deputies of all other chambers in the District of Oregon, and of his allegations against Court staff. The Court warned plaintiff that his behavior was disrespectful and that the Court would not tolerate such treatment of Court and Clerk's Office staff going forward.

Finally, each defendant who had elected to attend the hearing asked the Court to order plaintiff not to contact them directly and to limit contact with their counsel to written communication by email.

## STANDARDS

Under Federal Rule of Civil Procedure 41(b), district courts may dismiss an action for failure to comply with any order of the court. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992). District courts also have inherent power to control their dockets and punish for violation of their orders. *Id*.; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). In the exercise of that power, courts may impose sanctions, including, when appropriate, default or dismissal. *Ferdik*, 963 F.2d at 1260. "Dismissal under a court's inherent power is justified in extreme circumstances, in response to abusive litigation practices, and to insure the orderly administration of justice and the integrity of the court's orders." *Halaco Eng'g Co. v. Castle*, 843 F.2d 376, 380 (9th Cir. 1988).

"In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260–61 (internal quotation marks omitted). These factors are "not a series of conditions precedent before the judge can do anything," but a "way for a district judge to think about what to do." *Valley Eng'rs Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998).

## DISCUSSION

The record here demonstrates that plaintiff violated specific directives in the Court's May 8 order, primarily the order to cease direct contact with Wells Fargo defendants and the Ogletree defendants and Seymour, on at least four separate occasions. The Court also concludes that the record demonstrates that plaintiff's violations were knowing, intentional, and deliberate. Plaintiff's first violation occurred the next business day after the Court entered its Order. Though later communications were sent to Wells Fargo's counsel of record, that first email specifically omitted counsel of record while including other counsel. Wells Fargo's counsel reminded plaintiff that the Court's order prohibited direct contact with Wells Fargo and other individual defendants, but plaintiff continued to send communications to defendants covered by the Order. Despite plaintiff's assertion at the hearing that he did not understand the May 8 Order, the contents of plaintiff's

Page 8 – OPINION AND ORDER

communications suggest that he knew what the Order prohibited but chose not to comply with it.

Wells Fargo and several other defendants assert that dismissal of this action and entry of a pre-filing order declaring plaintiff a vexatious litigant are appropriate and necessary sanctions for plaintiff's conduct. The Court has considered the five factors that it must weigh in determining whether dismissal is an appropriate sanction. Although many factors weigh in favor of dismissal, the Court concludes that the fifth, the availability of less drastic alternatives, weighs strongly against dismissal at this time.

In the course of the June 2, 2020, hearing, the Court unequivocally reprimanded plaintiff in open court and on the record for conduct that violated the May 8 Order and disrespected not only all defendants and their counsel but also Court staff and this Court. Plaintiff accepted the Court's reprimand, conveyed to the Court his distress and regret for his disrespectful and disruptive behavior, and assured the Court that he would comply with the Court's orders going forward. Plaintiff also asserted that he would apologize to defense counsel in this next email communication with each of them. The Court concludes that that public reprimand, along with further restrictions on plaintiff's communications with all defendants in this case and with the Court are lesser sanctions that can adequately regulate plaintiff's future conduct and are, therefore, appropriate sanctions for plaintiff's violations.

IT IS HEREBY ORDERED that:

(1) Plaintiff shall comply with the terms of the Court's May 8, 2020 Order (doc. 80).

(2) Plaintiff shall not contact or communicate with any represented defendant or any person or office associated with defendants except through counsel of record. Plaintiff's contact with counsel shall be limited to communication necessary for this litigation and shall be in writing by email.

(3) Plaintiff's communications with defendant Sebastian Tapia shall be limited to communication necessary for this litigation and shall be in writing by email. Plaintiff shall refrain from sending faxes to any department of Lane County.

(4) Plaintiff shall direct all case-related communications intended for the United States Attorney's Office to Assistant United States Attorney Jared Hager, counsel of record for the Hon. Michael Hogan. Such communications shall be in writing by email.

(5) Plaintiff shall direct all case-related communications intended for the Court to Courtroom Deputy Cathy Kramer. Plaintiff's contact with Ms. Kramer shall be limited to communication necessary for this litigation and shall be in writing by email.

(6) Wells Fargo Defendants' Motion to Show Cause (doc. 86) is GRANTED. Plaintiff's Motion to Strike (doc. 94) is DENIED. The Court will once again defer ruling on the Ogletree defendants and Seymour's Motion to Declare Plaintiff a Vexatious Litigant (doc. 62).

Plaintiff is warned that failure to comply with the requirements of this order will result in dismissal of this action.

Dated this  5th  day of June 2020.


_____/s/Ann Aiken_____

Ann Aiken
United States District Judge