IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ANDREW CLARK,

      Plaintiff,

vs.

WELLS FARGO BANK; et al.,

      Defendants.

Case No. 6:20-cv-00253-AA
**OPINION AND ORDER**

AIKEN, District Judge:

In this civil rights action, plaintiff Andrew Clark asserts claims against 20 defendants. Now before the Court is Alex Gardner and Erik Hasselman's Motion for Summary Judgment (doc. 95). For the reasons that follow, the motion is GRANTED.

## BACKGROUND

The following facts are uncontested and drawn from the pleadings and various court records.[1] In July 2013, plaintiff was charged by criminal complaint in Lane

---

[1] Defendants ask the Court to take judicial notice of the records and documents in the records of plaintiff's state court prosecution, *State of Oregon v. Andrew Glenn Clark*, Lane Co. Circuit Court Case No. 211314234; District of Oregon Case *Clark v. City of Eugene*, No. 6:14-cv-01103-MK; and his appeal of that federal matter, Ninth Circuit Court Case No. 17-3247. State Def.'s Mot. for Summ. J. (doc. 95) at 3 n.1. Under Federal Rule of Evidence 201, courts may take judicial notice of their own

Page 1 – OPINION AND ORDER

County Circuit Court with 10 counts of misdemeanor stalking, related to plaintiff's communication with attorneys who had represented his former employer in a 2011 suit against plaintiff. Hasselman was the Lane County Deputy District Attorney assigned to prosecute the stalking charges, and Gardner was the Lane County District Attorney at the time. In January 2014, plaintiff pleaded guilty to one count of stalking pursuant to a plea agreement.

Then, in July 2014, plaintiff filed an action pro se in this Court, *Clark v. City of Eugene, et al.* ("*Clark IV*"),[2] No. 6:17-cv-01103-MK, asserting claims against Gardner. Gardner responded with a motion to dismiss. But with leave from the Court, plaintiff filed an amended complaint through counsel, which omitted his claims against Gardner, and instead alleged claims against Hasselman. Those claims were dismissed in March 2016, when Hasselman's Motion to Dismiss for failure to state a claim was granted. Following the entry of the final judgment in February 2017, plaintiff appealed to the Ninth Circuit, which affirmed the District Court's ruling and denied plaintiff's petition for rehearing.

Plaintiff filed this action in February 2020, asserting claims against 20 defendants, all of whom filed dispositive motions. *See generally* Compl. (doc. 1); docs. 25, 31, 33, 42, 52, 58, 81, 85, 95. Initially, Gardner and Hasselman filed this summary judgment motion along with three other state defendants—Attorney General Ellen

---

records, *Chandler v. United States*, 378 F.2d 906, 910 (9th Cir. 1967), and records in other cases, *United States v. Howard*, 381 F.3d 873, 876, n.1 (9th Cir. 2004). Defendants' request is GRANTED.

[2] As discussed in further detail in my Opinion on the other defendants' motions to dismiss, plaintiff has been a party to several other actions in the District of Oregon. Doc. 126 at 2. For consistency's sake, I will use the same convention to identify and distinguish between those prior actions in this Opinion and I did in my earlier Opinion. *See id.* at 2–4.

Rosenblum, Solicitor General Benjamin Gutman, and Senior Assistant Attorney General Vanessa Nordyke. *See* Doc. 95. However, the claims against these additional defendants were dismissed pursuant to the parties' stipulation and Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Docs. 112, 114, 116, 117. Accordingly, this Opinion will focus on the claims against Gardner and Hasselman and will refer to them collectively as "defendants."

The Court held oral argument on this motion and others on March 2, 2021. Doc. 125. Those other matters will be addressed in separate opinions.

## STANDARDS

A party is entitled to summary judgment "only if, taking the evidence and all reasonable inferences in the light most favorable to the non-moving party, there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law." *Tauscher v. Phx. Bd. of Realtors, Inc.*, 931 F.3d 959, 962 (9th Cir. 2019) (citing Fed. R. Civ. P. 56(a)). "An issue of material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party." *Id.* (internal quotation marks omitted). The moving party has the burden of establishing the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(a). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (citing Fed. R. Civ. P. 56(e)).

## DISCUSSION

Liberally construed, the Complaint asserts claims against defendants for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and 42 U.S.C. § 1983, stemming from their 2013 prosecution of plaintiff for stalking. Compl. at 8–9, 11–12.

Defendants contend that these claims are barred by the statute of limitations, prosecutorial and qualified immunity, claim and issue preclusion, and the *Rooker-Feldman* doctrine. Gardner also contends that the Complaint fails to state a § 1983 claim against him. Because I agree that plaintiff's claims can be dismissed based on a combination of prosecutorial immunity and claim preclusion, I will not address their other grounds raised by defendants.

Before turning to that analysis, I note that plaintiff did not file a response to this Motion. But at oral argument, he expressed his opposition to all defendants' dispositive motions, calling them "boilerplate" and inappropriate because they did not address the evidence that supports his claims. As I explained in the hearing, there are rules and procedures that govern the litigation process in federal court. Under those rules and procedures, defendants can, and in this case did, file motions that challenge a case based on legal issues that do not involve a review of evidence or, in some instances, any consideration of the merits of a plaintiff's claims. Here, defendants' summary judgment motion is based on threshold legal issues that prevent me from reaching the merits of plaintiff's claims.

I.  *Prosecutorial Immunity*

Plaintiff's claims arise from defendants' involvement in plaintiff's 2013 stalking prosecution. Prosecutors are entitled to absolute immunity from a civil rights action for damages when performing a function that is "intimately associated with the judicial phase of the criminal process," *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976), or, phrased differently, "when performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). Courts employ a "functional approach" when determining what actions qualify for prosecutorial immunity, which requires analysis of "the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

Here, plaintiff's claims against Hasselman stem from Hasselman's prosecution of plaintiff for stalking. Plaintiff appears to complain about Hasselman's decision to file charges against him, the number of charges filed, and the substance of his plea agreement. But prosecutorial immunity extends to the decision to prosecute a particular case and the process of plea negotiations. *See Botello v. Gammick*, 413 F.3d 971, 976 (9th Cir. 2005) (decision to prosecute or not to prosecute); *Briley v. California*, 564 F.2d 849, 856 (9th Cir. 1977) (process of plea bargaining).

Plaintiff also complains that Hasselman helped the attorneys to file a stalking complaint and "most likely" forged a warrant to search plaintiff's home. Compl. at 12, 48, 51. This conduct may be characterized as part of Hasselman's "administrative or investigative functions," which fall outside the scope of prosecutorial immunity and

for which "only qualified immunity is available." *Botello*, 413 F.3d at 975–76 (citing *Buckley*, 509 U.S. at 273). Accordingly, out of an abundance of caution, I will not rely on prosecutorial immunity to grant summary judgment on these aspects of plaintiff's claims.

Plaintiff does not allege any specific conduct by Gardner, but rather, complains generally about Gardner's failure to prevent Hasselman's conduct. Compl. at 11. Accordingly, Gardner is entitled to the same scope of prosecutorial immunity as Hasselman.

## II.   *Claim Preclusion*

The preclusive effect of a prior proceeding is referred to as "*res judicata.*" *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988). The doctrine of *res judicata* includes two distinct types of preclusion: claim preclusion and issue preclusion. *Id.* Claim preclusion "bars litigation in a subsequent action of any claims that were or could have been raised in the prior action. In order for [claim preclusion] to apply there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between the parties." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1193 (9th Cir. 1997) (internal citations omitted).[3]

The Ninth Circuit has held that "[t]he central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Owens v. Kaiser*

---

[3] By contrast, issue preclusion prevents relitigation of all "issues of law or fact that were actually litigated and necessarily decided" in a prior proceeding. *Segal v. American Tel. & Tel. Co.*, 606 F.2d 842, 845 (9th Cir. 1979). The issue must have been "actually decided" after a "full and fair opportunity for litigation." *Clark v. Bear Steans & Co.*, 966 F.2d 1318, 1321 (9th Cir. 1992).

*Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (quoting *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000)). New claims that are based on the same nucleus of facts may be precluded if they could have been brought in the earlier action. *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2008).

In *Clark IV*, plaintiff initially asserted § 1983 claims against Gardner for conspiring with the attorneys and police to prosecute plaintiff for stalking. After amending his complaint with assistance of counsel, plaintiff substituted Hasselman for Gardner and alleged that Hasselman violated his rights by arresting plaintiff, charging him with stalking offenses, and preventing him from communicating with the attorneys as a term of his plea agreement.

Here, plaintiff alleges RICO and § 1983 claims against defendants, alleging that Hasselman violated his rights by conspiring with the attorneys and his former employer to prosecute him for stalking and by negotiating a plea agreement, and that Gardner is liable for failing to prevent Hasselman's conduct. Because plaintiff's claims in both actions arise to defendants' involvement in his 2013 prosecution, his § 1983 claims were brought in *Clark IV*, and there is no reason why plaintiff could not have asserted RICO claims in that action, there is an identity of claims between the two actions.

The second and third requirements for claim preclusion are satisfied for the claims against Hasselman because he was a defendant in *Clark IV* and was dismissed under Federal Rule of Civil Procedure 12(b)(6) based on plaintiff's failure to state a

claim against him. *Commc'n Mgmt. Servs., LLC v. Qwest Corp.*, 67 F. Supp. 3d 1159, 1169 (D. Or. 2014) (a dismissal for failure to state a claim under Rule 12(b)(6) "is a 'judgment on the merits' to which *res judicata* applies") (quoting *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002)).

Gardner was also a defendant in *Clark IV* but was voluntarily dismissed by plaintiff in that case. Nevertheless, the claims against Gardner here are precluded by the final judgment on plaintiff's prior claims against Hasselman. There is privity between Hasselman and Gardner because Gardner "had a significant interest and participated in the prior action," and the two prosecutors' interests are "so closely aligned as to be virtually representative." *United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1003 (9th Cir. 1980) (internal quotation marks omitted); *see also Fund for Animals v. Lujan*, 962 F.2d 1391, 1398 (9th Cir. 1992) ("[T]here is privity between officers of the same government so that a judgment in a suit between a party and a representative of [that government] is *res judicata* in relitigation of the same issue between that party and other officer of the government.").

## CONCLUSION

For the reasons stated above, defendants' Motion for Summary Judgment (doc. 95) is GRANTED and the claims against Alex Gardner and Erik Hasselman are DISMISSED.

IT IS SO ORDERED and DATED this  31st  day of March 2021.

/s/Ann Aiken

Ann Aiken
United States District Judge

Page 8 – OPINION AND ORDER