IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ANDREW CLARK,

    Plaintiff,

vs.

WELLS FARGO BANK; et al.,

    Defendants.

Case No. 6:20-cv-00253-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Before the Court are defendants' Wells Fargo and Christian Rowley's and Ogletree Deakins, Leah Lively, David Symes, Christopher Mixon, and Steven Seymour's requests to declare plaintiff Andrew Clark a vexatious litigant and enter a pre-filing order restricting his ability to initiate future actions in this District. Docs. 42, 62. Defendants Bruce Newton, David Campbell, Alex Gardner, Benjamin Gutman, Erik Hasselman, Vanessa Nordyke, Ellen Rosenblum, and Ben Miller also join in the request. Docs. 58, 98, 102, 104, 107. For the reasons that follow, the

Page 1 – OPINION AND ORDER

request is GRANTED, and the Court will enter a pre-filing order with terms described below.

## STANDARDS

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), district courts can regulate the legal actions of vexatious litigants by restricting their ability to file suit without first obtaining leave. *De Long v. Hennessey*, 912 F.2d 1140, 1147 (9th Cir. 1990). Such orders are extraordinary and can only be entered upon a finding of "flagrant abuse" of the judicial process. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Before issuing a pre-filing order, the court must meet two procedural requirements: (1) furnish the litigant with adequate notice, including the opportunity to oppose a writ; and (2) build an adequate record for review. *De Long*, 912 F.2d at 1145. Additionally, the court must make a substantive finding of frivolousness or harassment, which involves "looking at the number and content of filings," and narrowly tailor any relief "to closely fit the vice encountered." *Id.* at 1148 (citation and internal quotation marks omitted).

A "separate set of considerations" may provide a "helpful framework" in "applying the two substantive factors." *Ringgold-Lockhart v. Cty. of L.A.*, 761 F.3d 1057, 1062 (9th Cir. 2014) (citation omitted). These substantive considerations are:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Molski*, 500 F.3d at 1058 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

## DISCUSSION

Defendants' vexatious litigant and pre-filing order motions provided Mr. Clark with adequate notice and opportunity to respond. *Molski*, 500 F.3d 1058–59. And, in fact, Mr. Clark filed a response to the Ogletree defendants' motion, asserting that the motion "is totally disingenuous and must be denied" because "[i]t represents perjury and further 'intimidation of a Federal Witness' typical of their past obstructive conduct in this court and elsewhere." Doc. 74 at 1. He also addressed the motions in his briefing on the Court's show cause order, asserting that defendants "self-generated the illusion of some sort of vexation. They did it before; it appears to be the basis of employment law in America as mentioned in the Complaint. They attempt to restrict and ignore communication then self-declare violations using hominem [*sic*] attacks." Doc. 99 at 3. Finally, Mr. Clark had the opportunity to address the motions at the show cause hearing on June 2, 2020, and the oral argument on March 2, 2021.

Mr. Clark's litigation history also supports the conclusion that a pre-filing order is appropriate.[1] As detailed in the Court's Opinion and Order on the motions

---

[1] The Court takes judicial notice of the dockets in *Clark I*, No. 6:11-cv-06248-HO, *Clark II*, 6:11-cv-06248-AA, *Clark III*, 6:13-cv-01546-AA, and *Clark IV*, 6:14-cv-01103-TC, and the specific filings, opinions, and orders discussed in this opinion pursuant to Federal Rule of Evidence 201. *Chandler v. United States*, 378 F.2d 906, 910 (9th Cir. 1967). In this Opinion, the Court uses the short title case designations used in the opinions on defendants' motions to dismiss and motion for summary judgment (docs. 126, 127).

Page 3 – OPINION AND ORDER

to dismiss (doc. 126), Mr. Clark has filed three lawsuits in this District against Wells Fargo and Ogletree Deakins, all alleging virtually identical claims. In each successive suit, he has sued defendants for their involvement in either his past lawsuits or other court proceedings involving Mr. Clark, Wells Fargo, or Ogletree Deakins. Mr. Clark has not prevailed in a single lawsuit, and many of his claims were dismissed with prejudice at the pleading stage. In this action, nearly all Mr. Clark's claims were dismissed with prejudice on preclusion and statute of limitations grounds. Docs. 126, 127.

Mr. Clark's conduct in his three lawsuits and *Clark I*, No. 6:11-cv-06248-HO, has burdened the court, caused unnecessary expenses for opposing parties, and bespeaks a lack of respect for the judicial process. He also has a track record of making meritless and duplicative arguments, in response to defendants' motions and in his own motions that often fail to comply with the Federal Rules of Civil Procedure and this District's Local Rules. When courts have entered orders ruling against Mr. Clark, he has alleged that opposing counsel and court staff are conspiring to keep his evidence away from the judges presiding over his cases. *See* docs. 89, 90, 94, *Clark I*, docs. 147, 148, 149; *Clark II*, No. 6:11-cv-06248-AA, docs. 152, 153, 158; *Clark III*, No. 6:13-cv-01546-AA, doc. 63; *Clark IV*, No. 6:14-cv-01103-TC, docs. 75, 137, 145, 146, 147, 152. He has challenged district court rulings years after final judgments were entered. *See Clark II*, docs. 152, 153, 157, 158; *Clark IV*, docs. 145, 146, 147, 151, 152. And, in this suit and prior suits, Mr. Clark has faxed hundreds of pages of harassing, and sometimes vulgar and threatening, communications to the parties,

opposing counsel, and the entities and individuals associated with them. Doc. 80 at 2–3 (protective order discussing Mr. Clark's excessive and inappropriate communications and reprimands in *Clark I* and *Clark IV*); doc. 113 at 2–5 (summarizing Mr. Clark's communications with Wells Fargo and Ogletree Deakins in violation of protective order and excessive communications with other parties and related entities).

Mr. Clark continues to reassert already adjudicated claims, despite court rulings explaining that such claims are meritless, precluded, or time barred. Based on his demeanor during hearings in this action, Mr. Clark appears to have a genuine, subjective belief in his claims that he discovered wrongdoing by Wells Fargo, and that Wells Fargo, Ogletree Deakins, and the host of other defendants have conspired to cover it up by retaliating against Mr. Clark. But having reviewed the pleadings in this case and the records in *Clark I* through *IV*, and particularly the prior orders explaining the preclusion and statute of limitations issues with Mr. Clark's claims, the Court cannot find that Mr. Clark has an "objective good faith expectation of prevailing" on his claims. *Safir*, 792 F.2d at 24.

In crafting the provisions of a pre-filing order, the court is guided by two factors: whether Mr. Clark is represented by counsel and whether "other sanctions would be adequate to protect the courts and other parties." *Molski*, 500 F.3d at 1058. The parties seek an order prohibiting Mr. Clark from filing any pleadings in this District without written leave from the Court. But the Court is not persuaded that a prefiling order should apply to matters where Mr. Clark is represented by counsel.

Although some claims pressed by counsel in *Clark IV* were dismissed, the Court cannot say that they were frivolous. Many of the most vexatious aspects of Mr. Clark's litigation, such as incomprehensible pleadings, excessive faxing and email communication, and personal attacks, would not be present if Mr. Clark appeared through an attorney who is governed by the Oregon rules of professional responsibility. The Court will therefore restrict the pre-filing order to actions where Mr. Clark appears *pro se.*

Additionally, the court will extend the pre-filing order protections to all parties in this case and to all opposing counsel. Though not all parties joined in the request for a pre-filing order, and some were voluntarily dismissed, many of the defendants in this case had been voluntarily dismissed by Mr. Clark in his past lawsuits. *See Clark III*, doc. 28 (voluntarily dismissing David Symes, Leah Lively, Christopher Mixon, and Christian Rowley); *Clark IV*, doc. 100 (amended complaint removing Alex Gardner as defendant). As noted, Mr. Clark has a pattern of suing attorneys involved in prior actions, and David Jacobs, counsel for Bruce Newton, attests that Mr. Clark already threatened to sue him during conferral over Newton's motion to dismiss. Doc. 58 at 4 n.4 ("During our conferral on this motion, plaintiff promised that the undersigned will be a defendant in his next lawsuit (along with the other lawyers and judges that have been involved in his past lawsuits).").

Finally, the court in *Clark IV* found that Mr. Clark had "filed what can only be characterized as a nuisance lawsuit," advised Mr. Clark that "litigation is not a game in which he can make up his own rules[,]" and warned him that "vexatious and

Page 6 – OPINION AND ORDER

abusive [litigation] tactics will not be tolerated and may subject him to penalties for contempt of court." *Clark IV*, doc. 70. Despite that warning, Mr. Clark filed this duplicative suit and engaged in the same conduct. Thus, the Court cannot find that other sanctions would be appropriate to protect the court and other parties.

## CONCLUSION

The motions to declare Mr. Clark a Vexatious Litigant and enter a pre-filing order against him (docs. 42, 62) are GRANTED, and the Court will issue a pre-filing order consistent with the terms outlined above.

IT IS SO ORDERED.

Dated this 31st day of March 2021.

/s/Ann Aiken

Ann Aiken
United States District Judge

Page 7 – OPINION AND ORDER