IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ANDREW CLARK,

    Plaintiff,

vs.

WELLS FARGO BANK; et al.,

    Defendants.

Case No. 6:20-cv-00253-AA

**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff filed this action pro se, asserting antitrust and Racketeer Influenced and Corrupt Organizations Act claims against defendants Wells Fargo, his former employer; Ogletree Deakins, the law firm that represented Wells Fargo in a 2011 lawsuit against plaintiff; and the Oregon State Bar ("OSB"). He also asserted claims under 42 U.S.C. § 1983 against those three organizational defendants and 17 individually named defendants. In early March 2021, I held oral argument on defendants' dispositive motions and requests to declare plaintiff a vexatious litigant.

Page 1 – OPINION AND ORDER

Doc. 125. Later that month, I issued Opinions and Orders (docs. 126, 127, 128) granting the motions and entered a Prefiling Order (doc. 129) against plaintiff and a judgment (doc. 131) dismissing the action. Plaintiff's appeal from the Opinions granting the dispositive motions is pending before the Ninth Circuit. *See* Notice of Appeal (doc. 132).

Now plaintiff has filed a Motion for Relief from a Judgment or Order pursuant to Federal Rule of Civil Procedure 60(b)(3) (doc. 134) based on allegations of "fraud upon the court" and a Motion for Jury Trial pursuant to Federal Rule of Civil Procedure 38 (doc. 144).

Rule 60(b)(3) permits courts to relieve a party from a final judgment or order on the basis of "fraud . . ., misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3). To prevail on a Rule 60(b)(3) motion, the movant must prove by clear and convincing evidence that (1) the prevailing litigants obtained the verdict through fraud, misrepresentation, or other misconduct, and (2) the conduct complained of prevented the losing party from fully and fairly presenting the defense. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004). The merits of a case are not before the court on a Rule 60(b) motion. *Id.* at 1261. Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *In re M/V Peacock*, 809 F.2d 1403, 1405 (9th Cir. 1987). Plaintiff's motion does not specify what kind of relief he seeks, but the Court assumes that he seeks relief from the judgment and all Opinions and Orders entered against him in this case.

Plaintiff supports his Rule 60(b)(3) motion with a declaration (doc. 135) and copy of this case docket (doc. 135 ex. 1). Plaintiff alleges that defendants obtained a judgment in this action by "fil[ing] pleadings with intent and result of concealing the evidence against them while punishing and silencing me[.]" Doc. 135 at 1. He asserts that the record in this case provides "prima facie proof of fraud, misrepresentation, and misconduct," because (1) the Court's orders were not based on "discovered or adjudicated facts" and contained "exceptionally prejudicial misrepresentations favorable exclusively to defendants," (2) defendants "refused to confer on the facts/evidence and refused to participate in the 'discovery' process," (3) there were two telephone hearings of defendant's dismissal/sanction motions, and (4) defendants "were able to obtain a 'gag order' against me without any hearing in April 2020" and were granted a hearing in June 2020 for violation of that order. *Id*. at 1–2. He also asserts that the "opinions and orders" in this case were "written by attorney-defendants and input into the court record with assistance from a court staff member or other person with system access." *Id*. at 3. He relies on "Document 124," which he asserts "smells like docket fraud." *Id*.

Nothing alleged in plaintiff's filings meets the high standard required to show fraud upon the court or suggests that defendants acted improperly in this litigation. For example, plaintiff offers no evidence to suggest that defendants' attorneys wrote the Opinions and Orders that I issued in this case. "Document 124" is a Notice of Supplemental Authority (doc. 124), which defendant OSB filed to supplement its Motion to Dismiss. In it OSB notified the Court that it was withdrawing one of the

Page 3 – OPINION AND ORDER

arguments it had raised in the motion based on a recent Ninth Circuit decision. Moreover, as I explained to plaintiff during the telephonic hearings and in several of my Opinions, at this point in the lawsuit, the rules that govern federal court procedure allow defendants to file motions that challenge a case based on legal issues that do not involve a review of evidence or, in some instances, any consideration of the merits of a plaintiff's claims.  *See* Doc. 126 at 19; Doc. 127 at 4.

The Wells Fargo and Olgetree defendants' motions for protective orders were proper and provided sufficient evidence for me to exercise trial courts' inherent powers to manage their proceedings and prevent conduct by litigants that is vexatious, oppressive, or disruptive to litigation.  *See Chambers v. NASCO*, 501 U.S. 32 (1991). Plaintiff had ample opportunity to respond to defendants' allegations concerning plaintiff's inappropriate pre- and post-order communications in writing and at the show cause hearing. Plaintiff also had ample opportunity to respond to defendants' dispositive motions in writing and during telephonic oral argument on the motions. Thus, plaintiff has also failed to show that defendants' conduct prevented him from fully and fairly defending against the motions. Finally, many of plaintiffs' allegations concern conduct that plaintiff was aware of and complained of during the proceedings in this case. *Casey*, 362 F.3d at 1260 (Rule 60(b)(3) "require[s] that fraud . . . not be discoverable by due diligence before or during the proceedings" (internal quotations omitted)).   Plaintiff's Rule 60(b)(3) motion is, therefore, DENIED.

Because plaintiff's motion for relief from the judgment and orders in this case is denied, his motion under Rule 38 is also DENIED. Rule 38 authorizes parties to demand a jury trial "[o]n any issue triable of right by a jury" by serving a written demand on the other parties "no later than 14 days after the last pleading directed to the issue is served[.]" Fed. R. Civ. P. 38(b). When a proper, timely demand is made under Rule 38, "the action must be designated on the docket as a jury action" and "[t]he trial on all issues so demanded must be by jury unless . . . the parties . . . file a stipulation to a nonjury trial or so stipulate on the record; or . . . the court . . . finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a). Plaintiff's motion is unnecessary because he already made a jury demand in his Complaint (doc. 1). Additionally, because a final judgment has been entered in this case, and I denied plaintiff's motion for relief from that judgment in the discussion above, there are no issues left to be tried by a jury.

In sum, plaintiff's Motion for Relief from a Judgment or Order (doc. 134) and Motion for Jury Trial pursuant to Federal Rule of Civil Procedure 38 (doc. 144) are DENIED.

IT IS SO ORDERED.

Dated this  28th  day of July 2021.

/s/Ann Aiken

Ann Aiken
United States District Judge