IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


ANDREW CLARK,

          Plaintiff,                           No. 6:20-cv-00253-AA

        v.                               **OPINION & ORDER**

WELLS FARGO BANK, et al.,

          Defendants.
_____

AIKEN, District Judge.

      This case comes before the Court on a Motion for Contempt filed by Defendants Leah C. Lively, Christopher Mixon, Ogletree Deakins Nash Smoak Stewart, Steven Seymour, and David P.R. Symes (collectively, the "Ogletree Defendants,"), ECF No. 154, and on Plaintiff Andrew Clark's "Motion for Relief from Gag Order Pursuant to Federal Rules of Civil Procedure 60-b-4," ECF No. 156. The Court held a hearing on the motions by telephone on January 20, 2022. ECF No. 171. The Ogletree Defendants' Motion is GRANTED and Plaintiff's Motion is DENIED.

## BACKGROUND

This action was commenced on February 14, 2020, ECF No. 1, and it is the latest in a series of similar lawsuits filed by Plaintiff Andrew Clark. In addition to the Ogletree Defendants, Clark brought claims against Wells Fargo Bank, Christian Rowley, and Peter Urias (collectively, the "Wells Fargo Defendants,"); Alex Gardner, Erik Hasselman, Vanessa Nordyke, Solicitor General Benjamin Gutman, and Attorney General Ellen Rosenblum (collectively, the "State Defendants,"); as well as Defendants Oregon State Bar Association ("OSB"), Judge Michael Hogan, Barry Davis, David Campbell, Bruce Newton, Sebastian Newton Tapai, and Ben Miller.

In April 2020, the Ogletree Defendants and the Wells Fargo Defendants separately moved for protective orders requiring Clark to communicate only with opposing counsel and to refrain from communicating with represented parties. ECF Nos. 62, 72. The Ogletree Defendants and the Wells Fargo Defendants also sought to have Clark designated as a vexatious litigant.

On May 8, 2020, the Court granted the protective order based on Clark's conduct and similar orders entered in Clark's prior cases. ECF No. 80 (the "May 2020 Order,"). The Court ordered that Clark refrain from communicating with the Ogletree Defendants or "any other person or office associated with these defendants concerning this litigation or any other matter except through counsel of record," and that Clark's contact with counsel "shall be limited to communication necessary for this litigation." May 2020 Order, at 3. Clark was further ordered to refrain from communication with any person associated with Wells Fargo concerning this

litigation "or any other matter without authorization by specific order of this Court," and that all such communication was to be directed to the Wells Fargo Defendants' counsel of record. *Id.* at 4. Clark was warned that failure to comply with the protective order would result in contempt proceedings and sanctions up to and including dismissal of the case. *Id.* The Court deferred ruling on whether Clark should be designated as a vexatious litigant. *Id.* at 3.

Clark promptly and repeatedly violated the terms of the May 2020 Order. On May 15, 2020, the Wells Fargo Defendants filed a Motion for Order to Show Cause seeking sanctions against Clark for his violation of the protective order. ECF No. 86. Following briefing on the motion, the Court held a show cause hearing on June 2, 2020. ECF No. 110. The Court found that Clark had violated the terms of the May 2020 Order and issued a public reprimand of Clark in open court. On June 5, 2020, the Court issued a written order in which it held that Clark had violated the terms of the May 2020 Order and that the violations were knowing, intentional and deliberate. ECF No. 113 (the "June 2020 Order,"). The Court declined to impose a terminating sanction and found that the public reprimand and further restrictions on Clark's communications with represented parties were a sufficient penalty at that stage of the case. June 2020 Order, at 9. The Court once again deferred consideration of Clark's designation as a vexatious litigant. *Id.* at 10.

Under the terms of the June 2020 Order, Clark was ordered to refrain from contacting or communicating with any represented Defendant or any person or office associated with Defendants except through counsel of record and that his

communications with counsel were to be limited to communication necessary for this litigation and that such communication would be in writing by email. June 2020 Order at 10. Clark was ordered to refrain from sending faxes to any department of Lane County and that he should direct all case-related communication intended for the United States Attorney's Office to the Assistant U.S. Attorney representing Judge Hogan and that all such communication should be in writing and by email. *Id.* Any case-related communications with the Court were to be directed to the Courtroom Deputy and that those communications should also be limited to necessary communication and should be in writing and by email. *Id.*

On March 2, 2021, the Court heard oral argument on a raft of dispositive motions filed by Clark and the various Defendants. ECF No. 125. On March 31, 2021, the Court granted Defendants' dispositive motions; denied Clark's dispositive motion; and the case was dismissed with prejudice. ECF Nos. 126, 127, 130. The Court also granted Defendants' motion to declare Clark a vexatious litigant and a pre-filing order was entered against Clark. ECF No. 128. Final judgment was entered on the same day. ECF No. 131.

On April 20, 2021, Clark filed a Notice of Appeal and the substance of that appeal is presently before the United States Court of Appeals for the Ninth Circuit. ECF Nos. 132.

Clark then filed a Motion for Relief from Judgment and a Motion for Jury Trial, ECF Nos. 134, 144. On July 28, 2021, the Court denied Clark's post-judgment motions by written order. ECF No. 153.

On August 25, 2021, the Ogletree Defendants filed the instant Motion for Contempt, alleging that Clark has resumed communicating with parties covered by the May 2020 Order and the June 2020 Order.  ECF No. 154.  Clark has moved for relief from the May 2020 and June 2020 Orders on the basis that the Orders are void.  ECF No. 156.

## DISCUSSION

As noted, the Ogletree Defendants have moved to hold Clark in contempt for violation of the May 2020 and June 2020 Orders.  The State Defendants have joined in support of the Ogletree Defendants' motion, ECF No. 168, and the other Defendants take no position on the motion.  In addition to responding to the Ogletree Defendants' contempt motion, Clark has moved for relief from the May 2020 and June 2020 Orders on the basis that they are void.  The Ogletree Defendants, Judge Hogan, Campbell, Newton, OSB, and the State Defendants have filed Responses setting forth their opposition to Clark's motion.

**I.    Clark's Motion for Relief from the May 2020 and June 2020 Orders**

Clark moves for relief from the May 2020 and June 2020 Orders on the basis that the Orders are void.  In support of this motion, Clark relies on Rule 60(b)(4).

Federal Rule of Civil Procedure 60(b)(4) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment is void."  Fed. R. Civ. P. 60(b)(4).  The Supreme Court has held that a "void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment final," but cautioned that

the "list of such infirmities is short; otherwise Rule 60(b)(4)'s exception to finality would swallow the rule." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010).

A judgment is not void simply because a party believes that it is erroneous. *United Student Aid Funds*, 559 U.S. at 270. "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271. In considering allegations of a jurisdictional defect, the generally accepted standard is that relief under Rule 60(b)(4) should be reserved "only for the exceptional case in which the court that rendered the judgment lacked even an arguable basis for jurisdiction." *Id.*

In this case, Clark does not argue that the Court lacked jurisdiction. Rather, Clark contends that the Orders and the final judgment are void because they are a prior restraint on his speech and a violation of his First Amendment rights and that they were issued without due process. With respect to the due process issue, Clark is incorrect. Before the May 2020 Order was issued, Clark was given notice of Defendants' motions and he filed a response in opposition prior to the Court's ruling. ECF No. 74. The June 2020 Order was likewise entered only after a motion and briefing, in which Clark participated, ECF Nos. 92, 94, 99, and after a telephonic hearing at which Clark was present, ECF No. 110. Clark has therefore failed to show that this Court lacked jurisdiction to enter the challenged Orders, or that the Orders

were entered without notice or a right to be heard.  On that basis alone, Clark's
motion under Rule 60(b)(4) fails.

Even if the Court were to consider Clark's arguments concerning prior
restraint of speech, Clark's motion would still fail.  "Even prior restraints may be
imposed if they amount to reasonable time, place, and manner restrictions on speech."
*Menotti v. City of Seattle*, 409 F.3d 1113, 1143 (9th Cir. 2005) (internal quotation
marks and citation omitted, alterations normalized).  In this case, Clark was not
prevented from speaking about his case either publicly or privately.  Rather, the May
2020 and June 2020 Orders prohibited Clark from contacting represented parties or
those directly associated with represented parties, except through their counsel of
record in this action and further required that Clark confine his communications with
opposing counsel to subjects necessary to the litigation and that he conduct those
communications in writing by email.  These are reasonable time, place, and manner
restrictions and Clark has not shown that they violated his First Amendment rights.
Clark's Motion is therefore DENIED.

## II.     The Ogletree Defendants' Motion for Contempt

The Ogletree Defendants, joined by the State Defendants, move for contempt
based on Clark's violation of the terms of the May 2020 Order and the June 2020
Order.

District courts have the inherent power to control their dockets.  *Ferdik v.
Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992).  In the
exercise of that power, the court may impose sanctions where appropriate.  *Id*.  Civil

contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Go-Video, Inc. v. The Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir. 1993). The moving party has the burden to show by clear and convincing evidence that the contemnors violated a specific and definite order of the court. *In re Dyer*, 322 F.3d 1178, 1190-91 (9th Cir. 2003). The party's violation "need not be willful" and there is no good faith defense to civil contempt. *Go-Video*, 10 F.3d at 695. The penalties for civil contempt are designed to compel compliance with the court order or to compensate the contemnor's adversary for damages resulting from the contemptuous behavior. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983).

The Ogletree Defendants have presented evidence that Clark has resumed faxing and emailing materials directly to individuals and entities covered by the May 2020 and June 2020 Orders, rather than sending them to counsel for those parties. Pollino Decl., ECF No. 155; Second Pollino Decl., ECF No. 162. In his briefing and at oral argument, Clark concedes that he sent the challenged communications, but maintains that the inclusion of the covered entities among the addressees was accidental. Clark assured the Court that he would ensure that no further communications would be sent to parties covered by the Orders except when sent to counsel of record for the party in question in writing by email and only as necessary for the purposes of this litigation.

The Court concludes that Clark has violated the terms of the May 2020 and June 2020 Orders and therefore GRANTS the Ogletree Defendants' contempt motion.

In light of Clark's explanation and assurances, the Court concludes that a second public reprimand on the record, which was delivered during the hearing on January 20, 2022, is a sufficient sanction at this time.  During the hearing, the Court warned Clark that further violations of the Court's Orders could result in monetary sanctions, including attorney fees.  The Court reiterates that warning here.

## CONCLUSION

Plaintiff Andrew Clark's Motion for Relief from Gag Order Pursuant to Federal Rules of Civil Procedure 60-b-4, ECF No. 156, is DENIED.  The Ogletree Defendants' Motion for Contempt, ECF No. 154, is GRANTED on the terms set forth above.

It is so ORDERED and DATED this  24th  day of January 2022.


 /s/Ann Aiken
ANN AIKEN
United States District Judge